NELSON BOWMAN *vs.* NOAH PINKHAM, Trustee.

Kennebec. Opinion August 3, 1880.

*Will. Trustee. Levy. Real action. Life estate.*

The will of a testatrix gave the estate to her children and grandchild, naming them and added, " said real and personal property however not to be divided or distributed among my said children during the lifetime of my trustee herein and hereby appointed, except by the consent and written approval of my said trustee, and in case such distribution is made, it shall be in such shares and proportions to my said children and their heirs as my said trustee shall determine — and I hereby appoint my said husband, N. P., to be my trustee of said real and personal estate, hereby empowering him to enter upon and manage the same to the best advantage during his lifetime; and I further order that my said trustee shall not be compelled to account to my children, grandchild, or to their heirs for the profits of said real and personal property during his lifetime, and that my said trustee be fully authorized to sell and dispose of all and any of said real and personal estate hereby devised and bequeathed and to execute and deliver deeds of conveyance thereof for such sums as he shall judge best and again to invest the proceeds of such sale in such manner as he shall see fit, said trustee not in any event to be accountable to my said children for the income of said property during his life nor shall my said trustee be required to give bonds as such." *Held,*

1. That the legal effect of the will was to create a life estate in N. P. and to constitute him trustee of the estate during his life with power to sell and re-invest the proceeds.

2. That the children and grandchild took a vested interest in the estate remaining after the payment of debts, and in such property as should be substituted therefor by change of investments, subject only to the life estate of N. P. and to the power of selection and distribution which might be exercised by the trustee at any time during his life.

3. That the trustee had no authority as such to purchase lands on credit and could not charge the estate by giving a note therefor as trustee.

4. That the rights of a levying creditor upon the life estate of N. P. intervening before there was an exercise of the power of selection and distribution, would not be defeated by the fact that the trustee had that power.

Where the demandant in a real action claims to recover an estate in fee simple the action cannot be sustained without amendment when the evidence discloses that he held but a life estate.

ON REPORT.

Writ of entry to recover real estate in West Gardiner.

The will of the deceased wife of the defendant, Abagail P. Pinkham, the material portion of which appears in the head note, made a part of the report as did the William W. Clark deed,

which appears below; all other material facts appear in the opinion. The case was reported to the law court to determine the legal rights of the parties.

(Deed.)

"Know all men by these presents, That I, William W. Clark, of West Gardiner, in the county of Kennebec, in consideration of fourteen hundred and forty dollars, [dollars] paid by Noah Pinkham of West Gardiner, trustee, (the receipt whereof I do hereby acknowledge,) do hereby give, grant, sell and convey unto the said trustee, his successors and assigns forever, a certain lot of land in

| |
|---|
| U. S. |
| Int. Rev. |
| Stamp. |
| $1.50. |

said West Gardiner, containing sixty-two acres more or less, with the buildings thereon, bounded north easterly by land occupied by Isabel and Oscar Hains, and by land of B. B. Robinson; south easterly by land of Joseph Carlton and T. J. Neal; south westerly by land of T. J. Neal; and north westerly by Collins mill pond, being the same conveyed to William M. Clark, by deed of Peter Clark.

"To have and to hold the same with all the privileges and appurtenances thereof to the said Pinkham, trustee, his successors and assigns, to their use and benefit forever. And I do covenant with the said Pinkham, trustee, his successors and assigns, that I am lawfully seized in fee of the premises; that they are free from all incumbrances; that I have good right to sell and convey the same to the said Pinkham, trustee, to hold as aforesaid. And that I will warrant and defend the same to the said Pinkham, trustee, his successors and assigns forever against the lawful claims and demands of all persons.

"In witness whereof, I, the said William W. Clark, and Jane M. his wife, she relinquishing her right of dower in the premises, have hereunto set our hands and seals this twenty-sixth day of September, in the year of our Lord one thousand eight hundred and seventy one.

Signed, sealed and delivered,  }    WM. W. CLARK. (Seal.)

in presence of H. K. BAKER, }

     JULIA A. McCAUSLAND. }    JANE M. CLARK. (Seal.)

"Kennebec, ss.  September 26, 1871.  Personally appeared the above named William W. Clark, and acknowledged the above instrument to be his free act and deed.  Before me,

H. K. BAKER, Justice of the Peace."

"Kennebec, ss.  Received, September 28, 1871, at 2 H. 30 M., P. M.

Entered and compared with the original, by

P. M. FOGLER, Register."

*G. C. Vose*, for the plaintiff.

The will of Abagail P. Pinkham, created no trust.  *Fisk* v. *Keene*, 35 Maine, 349 ; *Shaw* v. *Hussey*, 41 Maine, 495 ; *Doane* v. *Hadlock*, 42 Maine, 72.

Three things are indispensable to constitute a valid trust.  (1,) Sufficient words to raise it.  (2,) A definite subject, and (3,) A certain or ascertained object.  9 Vesey, 322 ; 2 Story's Eq. § 964.

Here the third indispensable requisite is entirely wanting, that is, there is no certain and ascertained object.  And all the requisites are uncertain.  1 Jarmon, Wills, 318 ; *Morice* v. *Bishop of Durham*, 10 Vesey, 536 ; *Jones* v. *Hancock*, 4 Dow. 145.

If there was a trust it was void as to this plaintiff as there is no evidence of any actual notice to him.  R. S., c. 73, § 12. The Clark deed disclosed no trust.  It was not such a notice as the statute requires.

The language of the judgment, upon which the levy was made, was as broad as the Clark deed.  If the word "trustee" has any meaning in the one case it has in the other.

Upon the defendant's theory he had a life estate and that would pass by the levy.  R. S., c. 76, § 7.

*Joseph Baker*, for the defendant.

SYMONDS, J.  In this real action, the demandant claims to recover an estate in fee simple in certain lands in West Gardiner by virtue of a levy thereon, in August, 1877, of an execution in his favor and against the defendant.  The premises levied on and demanded were conveyed to the defendant described as trustee by deed of warranty from William W. Clark, in September, 1871.  The deed contains no description of the nature or pur-

poses of the trust, but designates the grantee, the defendant, as trustee, and runs to him, his successors and assigns. In the execution, as well as in the writ and record of court on which it was issued, the defendant is likewise styled trustee.

The right of the demandant to recover is resisted, not on the ground of any irregularity in the method of procedure in making the levy, but on the ground that the property levied on was part of a trust estate, while the debt on which the judgment was rendered was the personal debt of the defendant, disconnected from the trust, and therefore not reaching or binding such estate;—that to attempt to levy an execution, recovered on a debt due from the defendant personally, on property held by him in trust, was illegal and without effect.

On the case as presented, we think the conclusion is clear that the debt on which the judgment was rendered was the private debt of the defendant. In any view of the case, it was not one he was authorized to incur as trustee. His appointment and his authority, in this respect, were derived from the will of his deceased wife, made on April 4, 1868, and approved later in the same year. The legal effect of this will was to give the real and personal estate of the testatrix to her children and grandchildren, at the determination of a life-estate therein in her husband; and to constitute the husband, during the continuance of such life-estate, a trustee of all the property, with power to sell and re-invest the proceeds, and with power to accelerate the distribution among the children and grandchildren, so that it should take place, discharged from the trust, during his own life, if he preferred.

If such distribution was made during the life of the trustee, then he had under the will the further power of determining what the shares of the other devisees should be, in what proportion each of them should take. If, without the exercise of such power, the distribution awaited the determination of the life-estate, then the power to make it unequal would have failed, and the title would vest in the children and grandchildren, as fully as if such discretion had never been given to the trustee. The division in such event would be according to the ordinary

rules of inheritance, the children taking equally, and the grand-children by right of representation.

Here we have the elements of a valid trust. The trustee was not to give bond and was not to be accountable for the income of the property during his life, but it was all finally to go to the children and grandchildren. His right to sell and convey was accompanied with the duty to re-invest the proceeds of the sales. He could sell only with a view to reinvestment, and it was only for the purpose of investing the proceeds in his hands that he had a right to purchase. The intention to create such a trust clearly appears, nor does the case show that it violated, or was inconsistent with, any rights of creditors. The subject matter of the trust was the property of the estate, real and personal; the object was to preserve the principal thereof to those entitled thereto, without diminution during the life-estate; while confer-ring upon the trustee certain powers he could not have exercised, had he been merely tenant for life, namely, the power to change investments, and to anticipate the time fixed in the will for directing the distribution, and, in such event, to determine the proportions of the shares.

"In some cases the donor makes a direct gift to one party, but subjects the gift to the discretion or power of some previous taker or other party; as if a donor limit a fund 'upon trust for the children of A. as B. shall appoint.' In such case the chil-dren of A. take a vested interest in the subject of the gift, liable to be divested by the exercise of the power by B. Therefore, on the failure of the power, the children of A. became as abso-lutely entitled as if the discretion or power had never been given to B. But while the exercise of the power is possible, the donee of it may exercise his discretion in favor of any that he may select; he may select those who are living at the donor's death, or those living at his own death." 1 Perry on Trusts, § 250.

It is unnecessary to consider the class of cases, where the donees take nothing directly by the gift, but their interest comes through the medium of the power, as where an estate is vested in a donee, upon trust to dispose of it among the children of A. But in these cases, if the donee may divide it unequally among

the objects of the gift, and dies without exercisng such power, the court will distribute the fund equally. And even when only a power is given, but is so given as to make it the duty of the donee to execute it, "the court will not permit the objects of the power to suffer by the negligence or conduct of the donee, but fastens upon the property a trust for their benefit. *Burrough* v. *Philcox*, 5 Mylne & Craig, 92.

"The principle of that case, *Pierson* v. *Garnet*, 2 Bro. C. C. 38; and of *Richardson* v. *Chapman*, 7 Bro. P. C. 318, which went to the House of Lords, and all these cases, is, that, if the power is a power which it is the duty of the party to execute, made his duty by the requisition of the will, put upon him as such by the testator, who has given him an interest extensive enough to enable him to discharge it, he is a trustee for the exercise of the power, and not as having a discretion whether he will exercise it or not; and the court adopts the principle as to trusts, and will not permit his negligence, accident, or other circumstances, to disappoint the interests of those for whose benefit he is called upon to execute it." *Brown* v. *Higgs*, 8 Vesey, Jr. 574.

"It is upon the same ground that, if a power of appointment is given by will to a party to distribute property among certain classes of persons, as among the relations of the testator, the power is treated as a trust; and if the party dies without executing it, a court of equity will distribute the property among the next of kin."

"Where the instrument gives the fund to a class, the power being merely to determine the shares, all of the class take in default of appointment." 2 Story's Eq. Jur. § 1060, and note.

These authorities go much further than is required to sustain the trust declared in the present will. It is clear that under its provisions the children and grandchildren both took a vested interest in the estate remaining after the payment of debts, and in such property as should be substituted therefor by change of investment, subject only to a life estate in the defendant, and to a power of selection and distribution, which might be exercised by the trustee at any time during his life.

On October 23, 1873, the defendant bought of the plaintiff and Julia A. Bowman, certain lands in Manchester, for $1500. He made no payment in cash, but gave two notes of $750, each, for the purchase money, due in one and two years, secured by mortgage on the property purchased. In this deed to the defendant, he is described as trustee, without further designation, and the deed runs to him, his heirs and assigns. It was on one of these mortgage notes, when overdue, that the suit was brought, judgment obtained and the execution levied on the demanded premises.

From what has already appeared, it follows that the mortgage debt was the personal debt of the defendant. The deed of lands for which the mortgage notes were given ran to him, his heirs and assigns, with the unavailing addition of the word trustee to his name as grantee. Moreover, under the will, he had no authority as trustee to purchase lands on credit, but only to invest the proceeds of parts of the estate sold. The mortgage note on which the execution was recovered was not one he had a right to give as trustee, and did not charge the trust estate.

We next inquire what was the interest of the defendant in the demanded premises.

This deed, as has already been stated, runs to the defendant as trustee, his successors and assigns. According to his own testimony, too,—which on this point is without contradiction,—this Clark farm, which the demandant claims by the levy, was paid for wholly by funds realized from the sale of property which came into the defendant's possession under the will. And, although in a later part of his testimony the defendant states that some of the real estate left by his wife was purchased with the profits of the business done by himself and his sons, he denies that it was conveyed by him to her; no proof to the contrary is offered, and whatever may be the fact, it is not made to appear that any rights of creditors have been prejudiced, or that either the demandant whose debt accrued long after the death of the wife, or any other creditors of the defendant, are in position in a proceeding of this sort, to assert any equitable interest in the defendant in the demanded premises, arising from the former

relations between husband and wife, or resulting by operation of law from the fact that a part of the funds invested in the purchase of them, was originally the separate property of the husband. *Webster* v. *Folsom,* 58 Maine, 232.

Under these circumstances, from the construction already given to the will, it follows that the defendant, personally, apart from his title as trustee, and from the question of subsequent acquirement of title by him by later conveyances not yet considered, had only a life estate in the lands on which the levy was made. Only his interest as tenant for life was subject to seizure and levy for his individual debts. We incline to the opinion that the rights of a creditor intervening before there was any exercise of the power of selection and distribution, the claim of such creditor upon the defendant's estate for life, would not be defeated by the fact that under the will the defendant had this power during life to divest himself of all interest in the estate for the benefit and in the interest of the *cestuis que trust.*

It is not doubted that the terms of the deed from Clark to the defendant were such as to charge the levying creditor, under R. S., c. 73, § 12, with notice of the trust, to the extent to which it in fact existed and was valid.

But it is claimed that, as to some of the heirs, the trust has been extinguished, and that as to their shares or interests full title has been conveyed to the defendant by later deeds to him from such heirs, releasing all their rights under the will. There are five children living, and the grandchildren represent a deceased son. Two of the children, Abagail F. Wright and Harrison D. Pinkham, had prior to the levy, on May 26, 1869, by deed released and conveyed to the defendant all their interest in their mother's estate. What right in equity these two *cestuis que trust,* personally, might have to treat these purchases by the trustee as void at their option, or whether the levying creditor would still be subject to the exercise of such option on the part of the *cestuis que trust,* if he acquired by levy a legal title held by the trustee under such circumstances, are questions which do not arise; because it is apparent from an inspection of these two deeds, that they do not contain the requisite terms to convey

anything more than an estate for the life of the grantee. They do not, therefore, enlarge what we have held to be the rights of the defendant under the will itself; and their construction and effect in other respects, or their validity even, are immaterial. "If one having an estate in fee in remainder or reversion releases to the tenant for life without words of inheritance, it would give him no more than a life estate." Washburn on Real Property, *58.

The deed from Valentine M. Pinkham and Lindley M. Pinkham, dated December 8, 1868, which is the only other conveyance to the defendant from the heirs, does not purport to release their interest in the personalty—and the Clark farm was purchased partly with the proceeds of the personalty sold, and, in addition to that, it is only a conveyance to the defendant in trust for the other heirs; not extinguishing the trust, but simply excluding themselves from the benefit of it.

We think, therefore, the interest of the defendant in the demanded premises has not been enlarged by purchase, that his estate for life under the will, and nothing more, was subject to the levy.

Upon proper terms, in the discretion of the judge at *Nisi Prius*, the declaration may be amended, to describe such an estate, and in that event judgment may be entered for the demandant. *Howe* v. *Wildes*, 34 Maine, 566; *Parker* v. *Murch*, 64 Maine, 54; R. S., c. 76, § 7.

*Otherwise judgment for the defendant.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.