THE McCORMICK HARVESTING MACHINE CO. v. GATES
*et al.*

1. **Will**: CONSTRUCTION: LIFE ESTATE: ALIENATION RESTRICTED. The will in question stated that the testator had placed his son on certain land, and that he was to occupy and enjoy it during his natural life. *Held* that this was a devise to the son of a life estate, and that the right of the devisee to alienate it, and of his creditors to subject it to the payment of their demands, could not be restricted by subsequent provisions of the will; but that such provisions were void because inconsistent with the estate devised. (See opinion for authorities).

2. **Execution**: SUPPLEMENTARY PROCEEDINGS: FOUNDATION. The return of an execution *nulla bona* is a good foundation for a proceeding in equity to ascertain defendant's interest in real estate and to subject it to the payment of the judgment.

*Appeal from Jasper District Court.*—HON. D. RYAN, Judge.

FILED, OCTOBER 4, 1888.

ACTION in equity to subject certain real estate to the payment of a judgment against the defendant A. C. Gates. There was a demurrer to the petition, which was sustained, and, defendants electing to stand thereon, the relief asked by plaintiff was granted.

*Alanson Clark*, for appellants.

*Kerr & McElroy*, for appellee.

SEEVERS, C. J.—The plaintiff obtained a judgment against the defendant A. C. Gates, and in this action seeks to subject certain real estate, which said Gates has a title to, or interest in, to the payment of said judgment. Whatever right or interest A. C. Gates may have in the real estate was derived under the will of E. M. Gates, and it is as follows: "I have placed my son Alvin C. Gates on a

farm near Colfax, in said county, described as the southwest quarter and the north half of the southeast quarter of section eleven, township seventy-nine, range twenty-one, situated in said Jasper county, state of Iowa, which it is my will that he occupy and enjoy during his natural life, but without the power or ability to convey or incumber the same, and that its productions and rents are intended by me to insure a support for himself and his family ; and it is not my will that he have the power to mortgage or incumber the rents, profits or productions of said farm, either above or under ground, or that the same be subject to attachment or levy for the debts of said Alvin. It is my will that he have such an estate as will allow of his farming the same himself or renting to others, or as will allow him to mine the coal that is supposed to be under it, or contract with others to mine it, so that nothing is done which will allow the income from the same to escape from the said Alvin or his said family. And it is my will that, upon the decease of said Alvin, the title to said land descend to Glen Gates, daughter of said Alvin, if she is the only child of his then living, or jointly to said Glen and any other child or children that may be born to said Alvin, to share and share alike; and it is my will that if no children of said Alvin are living at the time of his decease, that then and in that case the title in fee-simple to vest in my sons, Sumner E. and Lorin A. Gates, and, if they are not living, in their legal representatives." The question to be determined is whether A. C. Gates has such an interest in the land as can be alienated or sold on execution for debts created by him. It is stated in the will that the testator had placed A. C. Gates on the land, and he was to "occupy and enjoy it during his natural life." Conceding that there is no qualifying provision in the will, this is a devise of a life estate. 2 Jarm. Wills [5 Ed.] 404 ; 2 Washb. Real Prop. [3 Ed.] 450 ; *Reed v. Reed,* 9 Mass. 372 ; *Blanchard v. Brooks,* 12 Pick. 63 ; *Lewis v. Palmer,* 46 Conn. 460 ; *Bowman v. Pinkham,* 71 Me. 295. But such devise is coupled with conditions; it being provided

that A. C. Gates shall not convey, nor incumber the land or the rents and profits, nor shall the same be subject to attachment or levy for the debts of said A. C. Gates. Counsel for the appellee insist that, as a life estate is vested in A. C. Gates, the provision against the alienation by him or through judicial process is void, because it is inconsistent with the estate vested in him; that is to say, the argument is, if a person is vested with an estate for life or in fee-simple of real estate, he must necessarily be vested with the right to alienate such estate, and that such right cannot be in any respect controlled. If the power to alienate is restricted, the estate ceases to be an absolute one, whether it be for life or in fee-simple. In this respect there is no difference in the two estates; both are absolute, or neither exists. The authorities, without serious conflict, except as hereafter indicated, are in accord upon this subject, and sustain the views above expressed. 2 Jarm. Wills [5 Ed.] 538; 1 Perry, Trusts, sec. 386; *Blackstone Bank v. Davis*, 21 Pick. 42; *Deering v. Tucker*, 55 Me. 284; *Keyser's Appeal*, 57 Pa. St. 236; *McCleary v. Ellis*, 54 Iowa, 311. We have doubts whether any adjudged case can be found which holds otherwise, unless the legal title to the property has been vested in a trustee, for the use, under specified conditions, of the beneficiary. Many such cases have been cited by counsel for the appellants, but they are clearly distinguishable, unless it can be said that under the will in question a trust estate was created. But it is too clear for controversy, we think, that a life estate was vested in A. C. Gates. He could not hold such estate in trust for himself. The two estates are inconsistent, and cannot exist in the same person at the same time. In fact, the will does not create a trust estate, but vests an estate for life in A. C. Gates.

The petition states that an execution was issued on the judgment and returned "No property found." This, being admitted by the demurrer, constitutes a sufficient basis for and warrants this proceeding in equty to determine the nature

2. EXECUTION: supplementary proceedings: foundation.

and extent of the estate of A. C. Gates in the property in controversy. The demurrer was properly overruled, and the judgment of the court subjecting the life estate to the payment of the judgment must be

AFFIRMED.