J. L. MARKHAM v. ALICE McCOWN and F. L. FULLER.

(Decided March 14, 1899).

*Justice's Jurisdiction—Attorney.*

1. While a Justice of the Peace has no jurisdiction to *declare an equity,* or to enforce *an equitable lien,* he can enforce the collection of money which *equitably belongs to a party.*
2. An attorney who virtually represents two parties in the collection of a claim, in which both are interested, must settle with them on demand, in accordance with their respective rights, of which he has notice, in the money collected and on hand.

CIVIL ACTION, tried before *Robinson, J.,* at March Term, 1898, of DURHAM Superior Court, on appeal from Justice's Court.

MARKHAM *v.* McCOWN.

There was judgment for plaintiff and appeal by defendants.

The circumstances of the case are stated in the opinion.

*Messrs. Boone & Bryant,* for defendants (appellant).
*Messrs. Manning & Foushee,* for plaintiff.

FURCHES, J.   In May, 1888, the defendant McCown, for the purpose of getting supplies from the plaintiff, made and executed a lien bond and mortgage, under the statute, to the plaintiff for an amount not to exceed $113.55 upon the crop of that year.   Under this contract and lien, the defendant got thirty sacks of fertilizer, at the price of $3.75 per sack, for which she still owes plaintiff a balance of $82.50, according to the findings of the jury.   Among other crops raised by defendant that year was a crop of tobacco which she sold to one Snow and the Modern Tobacco Barn Co.   After the defendant McCown had contracted to sell this tobacco, but before it was delivered, she saw the plaintiff and told him that she had sold it for a good price and asked him not to interfere with her delivering the same, and said if he did not he should have his money as soon as it was paid for.

The plaintiff under this statement agreed for her to deliver the tobacco.   But Snow and the Modern Tobacco Barn Co., failing to pay for the tobacco, the defendant McCown, through her attorneys, Fuller & Fuller, brought suit against the purchasers.

This action pended until the Fall of 1892, when the plaintiff in that action, and defendant in this, recovered judgment against Snow and the Modern Tobacco Barn Co.   But owing to the insolvency of the defendants, she was not able to enforce collection until 1895, when the money was paid to her attorney, F. L. Fuller, Esq., who still has this money

in hand and is therefore made a party defendant in this action. We say that he still has this money in hand, as it is shown that he had it in hand at the commencement of this action, and, as there is no evidence that he has disposed of it, the presumption is that he still has it in his hands.

During the pendency of the action against Snow and the Tobacco Barn Co., the plaintiff and the defendant McCown had more than one conversation about the matter in the presence of her attorney, W. W. Fuller; that in one of these conversations, the plaintiff Markham told defendant that he would bring a suit for the tobacco in order to protect his rights, and defendant told him not to do so; that her suit would settle the matter, and as soon as the money was collected he would get the balance due him; that plaintiff, accepting this statement of the defendant McCown, desisted from bringing an action for the tobacco, and took his bond and mortgage to Mr. Fuller, her attorney, and left them with him; that plaintiff, being thus induced to do so, furnished some money and aided in the prosecution and collection of the price of the tobacco from Snow and the Tobacco Barn Co. But after the money for the tobacco was collected and in the hands of Mr. Fuller, the defendant refused to allow plaintiff's debt to be paid out of the fund, and plaintiff brought this action.

Upon the trial the plaintiff recovered judgment against the defendant McCown for $82.50, for which sum the plaintiff had judgment, and the Court declared it to be a lien on the fund in Mr. Fuller's hands, and defendants appealed.

Defendants do not object to the amount of the judgment against the defendant McCown, but to that part of the judgment that declares the lien. Defendants say that plaintiff can not recover this fund, for the reason that what took place between plaintiff and defendant McCown did not amount

to an equitable assignment, and if it did, as this action was commenced before a Justice of the Peace, who has no equitable jurisdiction, that plaintiff can not succeed against this fund on that account.

It must be admitted that a Justice of the Peace has no jurisdiction *to declare an equity or to enforce an equitable lien,* while on the other hand it seems to us that it must be admitted that a Justice of the Peace has the jurisdiction to enforce the collection of money which *equitably belongs to a party.* The distinction between the two is clear to our minds. *Nimocks v. Woody,* 97 N. C., 1.

This tobacco had been dedicated by the defendant to the payment of plaintiff's debt by her "mortgage lien," under which plaintiff was entitled to the possession, and was authorized to sell the same and appropriate the proceeds to the payment of his debt. He never surrendered or abandoned any right he had in this tobacco; he only agreed to her delivering it to Snow upon the understanding that his debt was to be paid out of the proceeds of this sale; that after it was delivered to Snow and the payment was delayed, he proposed bringing suit for the tobacco for the purpose of protecting his rights. This was in the presence of Mr. Fuller, her attorney, when she told him there was no need of this; that her action would settle the liability of Snow, and that as soon as the money was collected his debt should be paid; that with this understanding he desisted from bringing suit for the tobacco, assisted in prosecuting the action against Snow, and carried his "bond and mortgage" to Fuller, her attorney; and W. W. Fuller says in his deposition that he understood he was acting in the prosecution of this claim both for the plaintiff and the defendant McCown. This being so, it seems to us that this money in the hands of the attorney, Fuller, or so much thereof as is necessary to pay the balance

of plaintiff's debt, belongs to the plaintiff, and that this is an action in the nature of the old action of asumpsit, for money had and received for his use, and the amount involved being less than $200, a Justice of the Peace had jurisdiction.

The defendant Fuller is evidently simply the stake-holder, and only wishes to be protected in paying out the money. But as he has the money and refuses to pay it over to the plaintiff, he is a necessary party defendant in the action. The judgment was properly entered against the defendants, McCown and Fuller, though it may not have been .proper to declare it a lien on the fund.

Affirmed.