## RICKS v. POPE.

(Filed September 24, 1901.)

1. DEEDS—*Limitations—Alienation.*

A clause in a fee-simple deed against liability for the debts of the grantee is void.

2. DEEDS—*Limitations—Lien.*

A clause in a fee-simple deed that the grantee shall make annual payments to grantor during life of grantor, does not constitute a lien on the land.

3. TENANCY IN COMMON—*Joint Tenants—Ejectment—Action.*

A tenant in common may recover in an action of ejectment against a co-tenant.

4. TENANCY IN COMMON—*Joint Tenants—Co-tenants.*

Co-tenancy does not exist between two grantees of a tract of land conveyed in separate tracts by separate deeds.

5. BOUNDARIES—*Description—Course—Distance—Deeds.*

Where a description in a deed contains neither a beginning point, nor course and distance, but the land may be located by adjacent boundaries named in the deed, the description is sufficient.

ACTION by John Ricks against Carter Pope and W. Y. Taylor, heard by Judge *T. A. McNeill,* at Spring Term, 1901, of the Superior Court of EDGECOMBE County. At close of evidence for plaintiff, the defendants moved to dismiss the action, for that plaintiff was not entitled to recover upon his evidence. From an order dismissing the action, the plaintiff appealed.

*G. M. T. Fountain,* for the plaintiff.
*John L. Bridgers,* for the defendant.

FURCHES, C. J.    This is an action of ejectment, in which the plaintiff undertakes to establish his title to the land in controversy, by a deed from E. A. Johnson to Isaac Pope; a mortgage from Isaac Pope and wife, and E. A. Johnson, to F. M. Rawlings, with power of sale, and a deed from Rawlings, mortgagee to plaintiff.    And it is admitted that E. A. Johnson was the owner of the land at the date of the deed from her to Isaac Pope; that the mortgage from Pope and wife, and E. A. Johnson covered and conveyed the land, if Pope and his wife had the right to convey the same; and that the plaintiff has the title if the mortgage to Rawlings conveyed the title to him.

But the defendant contends that the deed from E. A. Johnson to Isaac Pope did not convey the title to said land, or, if it did, there were conditions in said deed that prevented Isaac from being able to mortgage the land, and that although E. A. Johnson joined in the mortgage of Pope and wife to Rawlings, it is ineffectual as to her, for the reason that it was never probated, or was not properly probated, as to her. And defendant also insists that if the plaintiff has become the owner of said land, he is a tenant in common with him, and that as this is an action of ejectment, it can not be maintained that plaintiff's proper remedy would have been a proceeding before the Clerk for partition.

We do not think either of the contentions of the defendant can be sustained.

The deed from E. A. Johnson to Isaac Pope is as follows: "Witnesseth, that the said Elizabeth A. Johnson, for and in consideration of the sum of twenty dollars per year, said amount to be paid annually by said Isaac Pope to said Elizabeth A. Johnson, so long as she shall live, and the first annual payment of the sum of twenty dollars being this day acknowledged, hath agreed, and by these presents do bargain and sell, transfer and convey to the said Isaac Pope, his heirs and as-

signs, one-half of my right to, and interest in, a certain tract of land, known as the Rose place, and purchased of James W. Gardner, by said Elizabeth A. Johnson, said to contain eighty-two acres, and lying in the county of Edgecombe and State of North Carolina. The one-half conveyed to Isaac Pope in this deed by Elizabeth A. Johnson, being bounded as follows: On the north by the lands of R. H. Gorham, on the east by the lands of Carter Pope, on the south by the county road leading from Battleboro, on the west by the lands of J. M. Cutchin. The western half of said tract of land, or the part conveyed in the deed, being said to contain forty-one acres, more or less. It is furthermore understood and agreed that this deed is made in consideration that the said land conveyed in this deed be exempt inviolate against all debts now against Isaac Pope, or may be thereafter contracted by him, but should said Isaac Pope at any time desire to sell or to convey said tract or parcel of land, that he shall have absolute power to do so.

"In witness whereof, I have hereunto set my hand and seal, the day and date above written.

"Elizabeth A. Johnson.     (Seal.)"

This deed was probated and registered in Edgecombe County, on the 13th of December, 1886. The mortgage from Pope and wife was properly probated and registered as to Pope and wife, but not as to E. A. Johnson. But if the deed from E. A. Johnson to Isaac Pope conveyed the land to him in fee-simple, it was not necessary that E. A. Johnson should have joined in making the mortgage of Pope and wife to Rawlings. And if it was not necessary for her to have joined in the mortgage, the want of a proper probate as to her did not affect the validity of the mortgage to Rawlings, and he got a good title.

The only reason that has been suggested why Isaac Pope

and wife could not make the mortgage to Rawlings is, that the deed from E. A. Johnson to him did not convey a fee-simple estate, or if it did, it was incumbered with the payment of $20 per annum to E. A. Johnson for her life. But we do not agree to the proposition of defendant that the following language has the effect to defeat the plain and express intention to convey the fee-simple, to-wit: "It is furthermore understood and agreed that this deed is made in consideration that said land conveyed in this deed be exempted inviolate against all debts now against Isaac Pope, or may hereafter be contracted by him, but should Isaac Pope at any time desire to sell or to convey said tract or parcel of land, that he shall have absolute power to do so"—this taken in connection with the contractual part of the deed, which is as follows: "For and in consideration of the sum of twenty dollars per year, said amount to be paid annually by said Isaac Pope to said Elizabeth A. Johnson, so long as she lives, and first annual payment of the sum of twenty dollars being this day acknowledged, hath agreed and by these presents do bargain and sell, transfer and convey to the said Isaac Pope, his heirs and assigns, etc."

These quotations from the deed from E. A. Johnson to Isaac Pope, in our opinion, undoubtedly conveyed the fee-simple estate to Isaac. And the clause against liability for the debts of Isaac is incompatible with, and repugnant to, the grant of the fee-simple estate, and is void. - *Dick v. Pitchford,* 21 N. C., 480; *Twitty v. Camp,* 62 N. C., 61; *School Committee v. Kesler,* 67 N. C., 443; *Blount v. Harvey,* 51 N. C., 186; *Hardy v. Galloway,* 111 N. C., 519.

Nor do they constitute a lien or incumbrance on the land. *Taylor v. Lanier,* 7 N. C., 98; *Gray v. West,* 93 N. C., 442.

One tenant in common may recover in an action of ejectment against a co-tenant. The difference in an action of ejectment against a co-tenant and a stranger is, that in the case of

co-tenancy the judgment is to be let into possession with the co-tenant; whereas, in cases against strangers the judgment is to oust the defendant and put the plaintiff in possession. This learning is too elementary to require citation of authority to support it. But the application of this doctrine is not necessary in this case, as there is no tenancy in common between the plaintiff and defendant, and there was none between Isaac Pope and the defendant.

It seems that Elizabeth A. Johnson owned a tract of land containing about eighty-two acres. This she wished to divide between Isaac Pope and the defendant, Carter Pope. She first conveyed the eastern half to the defendant, Carter, and then she proceeded to convey the western half to Isaac, "bounded as follows: On the north by the lands of R. H. Gorham, on the east by lands of *Carter Pope,* on the south by county road leading from Battleboro, on the west by the lands of J. M. Cutchin. The western half of said tract of land, or the part conveyed in this deed, being said to contain 41 acres, more or less." This deed does not contain a beginning point, nor course and distance; and yet it may easily be located. It lies in Edgecombe County, North Carolina, known as the Rose place, and purchased of James Gardner, said to contain 82 acres, more or less, and being the western half of said tract, bounded as follows: "On the north by the lands of R. H. Gorham, on the east by lands of Carter Pope, on the south by county road leading from Battleboro, on the west by lands of J. M. Cutchin. The western half of said tract of land, or the part conveyed in this deed, being said to contain 41 acres, more or less." All that a surveyor would have to do to locate it, would be to find the adjacent boundaries called for in the deed, and the land conveyed would be located. And one of the adjacent lines necessary to be located would be that of the defendant, Carter Pope. This dividing line severs his land from that conveyed to Isaac Pope so they are not tenants in common. *Midgett v. Twiford,* 120 N. C., 4.

Therefore, as we are of opinion that the deed from Elizabeth A. Johnson to Isaac Pope conveyed the fee-simple estate, it was not necessary for E. A. Johnson to join in the mortgage to Rawlings. And the fact that the mortgage to Rawlings was not properly probated as to E. A. Johnson, did not vitiate the mortgage as to Isaac Pope and wife.

And, as the payments to be made by Isaac Pope to Johnson are not liens or incumbrances on the land, there is error in the judgment of nonsuit, which must be

Reversed.