## M. E. BAILEY v. MANLY T. BAILEY.

(Filed 13 December, 1916.)

**1. Mortgages—Husband and Wife—Surplus—Power of Sale—Entireties—Interests.**

A mortgage of the husband's land, joined in by the wife, with power of sale and direction that the surplus, after paying the mortgage debt, be paid to "the parties of the first part, their executors and administrators," does not, by this direction, vest the surplus, after foreclosure, regarded as lands, in the husband and wife in entireties, so that she will take the whole by survivorship, but should be construed as meaning that the surplus should be paid to them as their several interests may appear.

**2. Mortgages—Surplus—Equity—Deeds and Conveyances—Support of Grantor—Charge Upon Lands—Husband and Wife—Dower—Descent and Distribution.**

Where before marriage a wife has conveyed her lands to her husband in consideration of her support for life, and thereafter she joins in his mortgage of the lands, which after his death has been foreclosed, with surplus over the mortgage debt and costs of sale, etc., in the hands of the trustee: *Held,* the surplus is regarded as realty descending to the heirs at law of the husband before the execution of the power of sale, subject to the widow's dower, and, in addition, charged with her support during her life.

CIVIL ACTION tried before *Shaw, J.,* at September Term, 1916, of McDOWELL.

This is an action to determine the rights of the parties in a certain fund, derived from a sale of land under a deed of trust in excess of

the expenses of sale and the debt secured, heard on the following agreed statement of facts:

1. That the plaintiff is the widow of J. Washington Bailey.

2. That the defendants are the heirs at law and distributees of the said J. W. Bailey, deceased.

3. That on 25 September, 1888, Mrs. Elizabeth Ervin, now Mrs. M. E. Bailey, the plaintiff, executed and delivered to J. Washington Bailey a deed conveying a certain tract of land, the material parts of which are as follows:

"This deed, made this 25th day of September, 1888, by Mrs. Elizabeth Ervin of McDowell County and State of North Carolina, of the first part, to J. Washington Bailey of McDowell County and State of North Carolina, of the second part:

"Witnesseth, That said Mrs. Elizabeth Ervin, in consideration of $791 and my maintenance during my natural life to me paid by J. Washington Bailey, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does bargain, sell, and convey to said J. Washington Bailey and his heirs and assigns, certain tracts or parcels of land in Finley's Township, McDowell County, State of North Carolina, adjoining the lands of J. S. Brown, J. L. Wilson, and others, bounded as follows, viz.: [Here follows description.]

"Second tract. (Not involved.)

"Third tract. (Not involved.)

"Fourth tract. (Not involved.)

"To have and to hold the aforesaid tracts or parcels of land and all privileges and appurtenances thereto belonging to the said J. Washington Bailey, and his heirs and assigns."

(Signed and sealed.)

Probate: Regular.

Registered: 28 September, 1888.

4. That on 4 October, 1888, the said J. Washington Bailey and the said Mrs. Elizabeth Ervin were married and lived together as man and wife until the death of the said J. Washington Bailey in the month of June, 1915, to which union no children were born.

5. That on 1 March, 1912, the said J. W. Bailey and his wife, M. E. Bailey, the plaintiff, executed and delivered to D. E. Hudgins, trustee, a certain deed of trust, with power of sale, conveying the said Morrel tract of land, which was conveyed by the deed set out in paragraph 3 hereof, as security for a debt due W. A. Conley, which deed of trust made the following disposition of proceeds in the event of sale:

"The money arising from such sale shall be applied, first, to the expenses of sale, including a commission to the trustee of 5 per cent;

secondly, to the amount due on the bond above mentioned, principal and interest up to day of sale, and, thirdly, the balance shall be paid to J. W. Bailey and wife, M. E. Bailey, parties of the first part, their executors and administrators."

6. That upon application of the *cestui que trust* in said deed of trust, D. E. Hudgins, trustee, advertised and sold said land on 21 February, 1916, and of the proceeds, after discharging the expense of sale, including commissions to the trustee and the amount due on the bond secured thereby, there remained in the hands of said trustee a surplus sum of $1,739.89.

7. That the plaintiff demanded of said trustee that said surplus be paid to her, and the defendants demanded payment to them, and the said trustee refused to pay to either, but stands ready to pay said surplus fund under the direction of the court.

It was agreed that upon the foregoing statement of facts his Honor should render judgment upon the following issues:

1. What are the rights of the parties in and to the surplus fund now in the hands of and held by D. E. Hudgins, trustee?

2. What are the dower rights of the plaintiff?

His Honor rendered judgment adjudging the plaintiffs to be the owners of one-half of said surplus and the administrator of J. W. Bailey to be the owner of the other half, and both parties appealed.

*Pless & Winborne for plaintiff.*
*W. T. Morgan for defendants.*

ALLEN, J. We were impressed by the argument of the learned counsel for the plaintiff, urging us to hold that the provision in the deed of trust directing the surplus of the proceeds of the sale of land to be paid to J. W. Bailey and wife, M. E. Bailey, their executors and administrators, created an estate by the entireties, and that upon the death of J. W. Bailey the whole of the surplus belonged to his wife by right of survivorship; but this question is foreclosed against the plaintiff by the decision in *Harrington v. Rawls,* 136 N. C., 66.

In the *Harrington case* the land belonged to the wife, Mrs. Briley, and she and her husband, J. A. Briley, conveyed the same by mortgage to secure a debt in which there was a power of sale, with direction in the mortgage that in the event of a sale, and after the payment of the debt, the mortgagee should "pay over the surplus, if any, to J. A. Briley and wife, Elsie." The land was sold after the death of Mrs. Briley and there was a net surplus arising from the sale of $1,920.65, and the question was raised as to who was entitled to the surplus. The Court, dealing with this question, said: "Had the land been sold prior

43—172

to the wife's death, the surplus would have passed to her administrator as personalty. But being sold after the death of the wife, it had previously to such sale descended to her heirs charged with the mortgage and the husband's tenancy by the curtesy, and the surplus must be treated as realty. The provision in the mortgage, 'pay over the surplus, if any, to J. A. Briley and wife, Elsie,' means only, as in other joint mortgages, 'as their several interests shall appear.' It is not a conveyance of any interest by one mortgagor to the other."

This case is also authoritative against the ruling of his Honor dividing the surplus equally between the plaintiffs and the defendants, as it construes the direction to pay to the husband and wife as meaning "as their interest may appear," and the rights of the parties in the surplus must therefore be determined according to their rights in the land at the time of the execution of the deed of trust.

At the time the deed of trust was executed the title to the land was in J. W. Bailey, but he held it under a deed executed to him by the plaintiff nine days before their marriage, in which the consideration is stated to be "$791 and my maintenance during my natural life."

The meaning and effect of a provision for maintenance, frequently found in deeds and wills, have received different constructions, depending on the placing of the provision and upon other terms of the instrument in which it appears.

In some of the cases it is dealt with as a personal covenant (*Taylor v. Lanier,* 7 N. C., 98; *Ricks v. Pope,* 129 N. C., 55; *Perdue v. Perdue,* 124 N. C., 163; *Lumber Co. v. Lumber Co.,* 153 N. C., 50), in others as constituting a charge on the rents and profits from the lands (*Gray v. West,* 93 N. C., 442; *Wall v. Wall,* 126 N. C., 408), and in others as a charge on the land itself (*Laxton v. Tilly,* 66 N. C., 327; *Helms v. Helms,* 135 N. C., 171).

In the *Lanier case,* which is typical of the first class, the provision for maintenance was not named as a part of the consideration for the deed, but was an independent stipulation and agreement.

In *Gray v. West,* which belongs to the second class, the provision was that "Arey Gray is to have her support out of the land," and in *Wall v. Wall* there was a conveyance of land with a reservation of the care and support of the daughter of the grantor.

The case of *Laxton v. Tilly* is in all material respects like the one before us. In that case it is stated in the deed that it is made "for and in consideration of the sum of $200 and the faithful maintenance of the said Thomas Laxton and wife, Polly Laxton," and the Court said: "The maintenance of the plaintiff is not a charge upon the personalty of the estate of Levi Laxton, deceased, in the hands of the defendant, his administrator, but it is a charge upon the land which

Thomas Laxton sold to Levi Laxton with the stipulation that Levi should support the plaintiff."

This case and other authorities are reviewed in the case of *Helms v. Helms,* and while there was additional language in the deed considered in that case, it was held, independent of this, that a provision for maintenance in a conveyance of land is a charge upon the land; the Court saying: "The uncertainty into which title would be thrown is a strong reason for construing provisions for support as covenants and not conditions is recognized by the courts. To treat them as mere personal covenants, having no security for their performance save the personal liability of the grantor, would often lead to injustice, leaving persons who had made provisions for support in old age or sickness without adequate protection or relief. The courts have almost uniformly treated the claim for support and maintenance as a charge upon the land, which will follow it into the hands of purchasers. In this way the substantial rights of both grantor and grantee are preserved. 'The grantee by accepting the deed and entering into possession under it becomes bound by the agreement providing for the support of the grantor, and the provision for support thus becomes equivalent to a life annuity.'"

Of course, in this case the purchaser at the sale under the deed of trust takes the title free from the charge, because the plaintiff executed the deed of trust; but the charge would exist as to the surplus not needed for the payment of the debt secured.

We are therefore of opinion that the provision for maintenance in the deed executed by the plaintiff to J. W. Bailey was a charge upon the land conveyed in the deed, and that at the time the deed of trust was executed Bailey was the owner in fee, subject to the charge, and that after a sale the charge was transferred from the land to the surplus.

If so, and if the surplus is realty, as was held in the case of *Harrington v. Rawls, supra,* the plaintiff is entitled to dower in the surplus, and, in addition, can charge the surplus with her support during her life, to be paid out of the income or the principal sum.

The costs will be divided between the plaintiff and the defendants.

Reversed.