CLARA ALVENA PUTENSEN, Guardian, Appellant, v. R. J. DREESZEN, Administrator, et al., Appellees; MRS. J. R. LUBSEN, Cross-appellant.

MAY 15, 1928.

REHEARING DENIED NOVEMBER 16, 1928.

1243

*Fred H. Free* and *L. Mighell,* for appellant.

*Fred H. Free,* for cross-appellant.

*J. C. Walter, White & White,* and *Besore & Snell Bros.,* for appellees.

DE GRAFF, J.—The pleaded facts, which must be viewed as admitted, disclose that plaintiff is the duly appointed, acting, and qualified guardian of the person and estate of her minor children; that, at the February, 1919, term of the district court of Iowa in and for Ida County, there was pending an action for divorce, in which Clara Alvena Putensen (appellant herein) was plaintiff, and John Putensen was defendant; that in said action the said parties executed, acknowledged, and recorded a certain stipulation and agreement, which reads as follows:

"Whereas, the above named plaintiff and defendant are de-

sirous of settling and agreeing upon the questions of alimony and the custody of their children:

"Now, therefore, it is hereby stipulated and agreed by and between the above named parties that, in the event that a decree of divorce is granted to the plaintiff, that there shall be awarded to her, as permanent alimony, a mortgage which P. McGuire is to give March 1, 1919, for $11,800, which said mortgage shall be a first lien upon the south half (S½) of the northeast quarter (NE¼) of Section No. twenty-nine (29), Township eighty-nine (89) north, of Range No. forty (40) west of the fifth P. M., Ida County, Iowa. The said defendant shall authorize the said McGuire to make said mortgage direct to the plaintiff. The said mortgage is to draw 5% interest, and run for seven years. In addition to said mortgage, the plaintiff is to have $200, which shall be paid to her immediately upon the entering of a decree of divorce.

"For the good of the children that have been born to this plaintiff and defendant, it is hereby stipulated and agreed that, in the event a decree of divorce is entered by the court, it shall contain a provision that the defendant shall neither convey, incumber, or mortgage in any manner the southeast quarter (SE¼) of Section No. twenty-nine (29), in Township No. eighty-nine (89) north, of Range forty (40) west of the 5th P. M., in Ida County, Iowa, during his lifetime.

"It is further stipulated and agreed that the court shall award the care and custody of the children named in plaintiff's petition to the defendant, with a provision that those who are of school age, and as the younger ones attain that age, the plaintiff may have them during vacation times.

"And it is further stipulated and agreed that, when the said children are with one parent, the other shall have the right to visit them at reasonable hours and times.

"It is hereby further stipulated and agreed as to the children that have not yet attained school age that the plaintiff may have them, if she so desires, not to exceed three months during each year.

"It is the sense of this stipulation and agreement that the defendant shall properly care for and school the said children, and shall properly conduct and acquit himself; and, should he at any time fail in this regard and respect, it is contemplated by

the parties hereto that the matter shall be brought to the attention of the court, for such a modification of the decree that shall be entered in this case regarding the possession and custody of said children as to the court shall seem proper.

"Clara A. Putensen,
Plaintiff.
"John Putensen,
Defendant."

Thereafter, on the 19th day of February, 1919, the divorce cause was duly tried, and a decree entered granting to the plaintiff the relief prayed. The decree recites:

"The court further finds that the defendant is the owner of the fee title to [certain described real estate, the land in question]. The court further finds from the stipulation and agreement on file in this cause that they have agreed as to the custody of the children and the payment of permanent alimony, and as to the disposition of the lands heretofore described, in case a divorce was granted in this cause. * * * It is further ordered, adjudged, and decreed by the court that the defendant pay the plaintiff the sum of $12,000, as permanent alimony, the same to be paid in manner and form stated in the said stipulation and agreement now on file in this court. And it is further ordered, adjudged, and decreed that the defendant * * * is hereby enjoined and restrained from in any manner disposing of or conveying, incumbering, or mortgaging said lands during his lifetime * * *. It is further ordered, adjudged, and decreed that all the terms and conditions of the stipulation and agreement of the parties hereto relative to the custody of their children and the payment of alimony and the disposition of the land hereinbefore described be and the same is hereby confirmed, as fully and completely as though all the terms and conditions of said stipulation and agreement were set out at length in this decree."

It is further shown that John Putensen died testate on September 13, 1926, and that, at the time of the entry of the decree of divorce, and at the time of his death, the record title to the land in question was in the said John Putensen, and that there is no other real estate to which he had record title.

It is also shown that the defendant J. R. Dreeszen is the

1246

duly appointed and acting administrator with the will annexed of the estate of John Putensen, deceased, and that certain claims were filed against the said estate, and that these claimant creditors are parties defendant in this action. It is also shown that there is insufficient personal property belonging to the estate to pay said claims.

The trial court, in ruling on the motion to dismiss plaintiff's petition, made the following finding:

"It is true that he [John Putensen] did incur indebtedness for the payment of which the land may be subjected, but he was not enjoined from buying on credit, or otherwise incurring indebtedness. He died seized of the land. As his personal assets are inadequate, the land may be subjected to the payment of his debts, regardless of any testamentary provisions."

It may not be disputed that John Putensen died seized of the land referred to in the stipulation and in the decree of divorce. The decree recognized the fact that the title to the land was in John Putensen. There is no provision in either the stipulation or decree that John Putensen should lose title on any condition. The decree provides simply that the defendant John Putensen shall neither convey, incumber, nor mortgage the land. This injunction was respected and obeyed by John Putensen. Conditions in a deed against alienation and against liability for debts are void, as against public policy. *Ricks v. Pope*, 129 N. C. 52 (39 S. E. 638); *Latimer v. Waddell*, 119 N. C. 370 (26 S. E. 122).

The land was liable to involuntary alienation. *McCleary v. Ellis*, 54 Iowa 311; *Teany v. Mains*, 113 Iowa 53. No condition against liability for debts could be attached to the land in suit, as such condition would be repugnant to the fee in John Putensen, and would be void. *McCormick Harv. Mach. Co. v. Gates*, 75 Iowa 343; *In re Estate of Ogle v. Burmister*, 146 Iowa 33.

It is true that equity regards that as done which ought to be done, and by force of this maxim certain defects in instruments are corrected. If words of conveyance are found in an instrument, a court of equity will remedy a defect: for example, the want of a seal (*Beardsley v. Knight*, 10 Vt. 185 [33 Am. Dec. 193]); the absence of an acknowledgment (*Junction R. Co. v,*

*Ruggles,* 7 Ohio St. 1). The cases relied upon by appellant involve instruments which contained words of conveyance, or words of such import. See *American Emigrant Co. v. Clark,* 62 Iowa 182; *Witmer v. Shreves,* 141 Iowa 496; *Yeager v. Farnsworth,* 163 Iowa 537.

It may also be conceded that equity will not be bound by technical rules, forms, or fictions, but will penetrate to the very substance of the matter. *Keokuk Elec. R. & P. Co. v. Weisman,* 146 Iowa 679. Nor will equity fail to decree that which the parties intended to be done. *Farmers Loan & Tr. Co. v. Brown,* 182 Iowa 1044. In the instant case, however, we are not dealing with legal technicalities, forms, or fictions. The fact stands that the legal title to the land was in John Putensen when he signed the stipulation and agreement. The title remained in him until the last moment of his life. He respected the limitations placed upon him in the decree of divorce, which embodied his signed stipulation and agreement.

The trial court correctly ruled the motion to dismiss. Wherefore, the decree entered is—*Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.