Tayior, Chief-Justice,
 

 delivered the opinion of the. Court:
 

 The deed executed by Thomas Lanier, to his son William, purports to be made in consideration of natural love and aifection, and for his advancement in life: and after describing the property, and reserving a life estate to himself in the land and negroes, and a life estate to his wife in part of the land, these words follow, “ but to remain and
 
 “
 
 be agreeable to the true intent and meaning herein
 
 “
 
 set forth ,• and it is further concluded and agreed upon “ between the said Thomas and his son William, and is to
 
 4<
 
 bo considered as a principa! part of this contract, that
 
 “
 
 the said William provide for, maintain, keep, succour
 
 “
 
 and nourish, my daughter Mary, during her natural life,
 
 “
 
 so that she do not suffer or lack for the necessaries of
 
 “
 
 life, in any manner whatsoever.” — The words first quoted, are evidently inferable to the life estates reserved to the grantor a id his wife : and the question is, whether the other words making a provision for the daughter Mary, operate as a specific lien upon the property, so as to make it charge
 
 *101
 
 able in tbe hands of
 
 bona fide
 
 purchasers, but with notice. And I am of opinion, that this is only a personal charge upon the son; for besides that there are no words which can be fairly construed as amounting to a lien, it is improbable that the covenantor should have designed so small a sum in proportion as was necessary to the maintenance of his daughter, to become a lien upon the whole of this property in the hands of a purchaser. The supposition seems to be inconsistent with what he professed to be the the consideration, viz. the advancement of the son, anti with the
 
 absolute
 
 control of the property, which is given
 
 to the son
 
 by the deed. There is no direction that the maintenance shall be raised out of the rents and profits of the property, nor any expression which takes the case out of the principles of an ordinary trust, binding only on the conscience of the son. I have look cd into the cases of covenants which have been contended in this Court to run with the land, and find many much stronger than this, where the covenant was held to be merely personal. A covenant before marriage to settle certain lands upon the wife, amounts to a specific lien upon the lands in the possession of the devisees : but a general covenant to settle lands upon the wife, of a certain annual value, gives no remedy to the wife, but as a specialty creditor.
 
 *
 
 If A covenant to pay-an annuity to J. S. he shall not deduct for taxes, for the charge is only on the person of the covenantor.
 
 †
 
 This case cannot be distinguished from the grant of an annuity which may be chargeable upon lands, if such a provision is made in the deed, but is in all other cases, only a personal charge. If A. devise land to B. on condition to pay C. a sum of money, and there be no clause of entry, this is no charge on the estate to give the legatee of the money a lien on the land ; but the heir at law may enter and take advantage of the condition : but in Equity he is considered only as a trustee for the legatee.
 
 ‡
 

 
 *102
 
 'With respect to the other question in this case, I take it to be very clear, on the ground of intention, that the bequests made to the daughter Mary are in addition to ^ maintenance provided for in the deed; because the testator takes notice that she is to have maintenance from his son, according to their
 
 contract;
 
 and this he does immediately after disposing of Mary’s legacy after her death. This completely negatives every presumption of his having forgotten Ihe provision for
 
 maintenance;
 
 and is nearly as strong as if he had expressly declared that the bequest should be additional to it. It also affords an answer to all the cases on the subject of double
 
 portions;
 
 for on the supposition that they were applicable to, this case, yet it is admitted by them that the rule of considering a legacy as satisfaction of a portion, arises from a presumption that it was so intended by the
 
 testator;
 
 and that, like all other presumptions, may be repelled or confirmed. The rule, as laid down in one of the latest cases, is, that if portions are provided by any means whatsoever, and the parent gives a provision by will for a portion, it is a satisfaction
 
 prima fade,
 
 unless there be circumstances to show it was not so intended.
 
 *
 
 Here, I think, the strongest circumstance appears upon the face of the wall; and, consequently, that nothing ought to be deducted from the burthen placed upon William, o maintaining his sister Mary, by reason of the bequest; which ought to he considered as an added bounty of the testator, designed to place within her reach certain moderate enjoyments beyond the limits of a bare maintenance.
 

 *
 

 1 P. Wms, 439.
 

 †
 

 3 Salk. 616.
 

 ‡
 

 1 Ves. 423.
 

 *
 

 3 Ves. 516.