Nash, J.
 

 The bill charges, that, in the month of February 1842, the plaintiff, Susannah, then the widow of her former husband, David McCarson, and then
 
 being in
 
 bad health, and the defendant, entered into a contract, iu writing and under seal, whereby she sold and conveyed • to the said King all her right, title and interest in and to ' her right of dower in the land of her deceased husband ; in consideration whereof the said King agreed to find the said Susannah McCarson “her board in bis house, as long as she lived, and make her comfortable, as is convenient,” &c.; that the plaintiff continued to live with the defen. dant, who had married her daughter, until the succeed, ing fall, when, in consequence of his failing to provide her with the comforts of life, and becoming irritant and petulant, she left him and went to live with her mother, after whose death she returned to the defendant's house,
 

 
 *20
 
 Jived with him a few weeks and finally left him and went to live with another daughter, and “intermarried with the other plaintiff, Robert Murray.” The bill charges that the defendant has refused and still doth refuse to support the plaintiff, Susannah, or to do any thing for her, and prays that the contract may be rescinded, and the defendant be decreed to account for the rents and profits of the land, since she left him;
 

 The answer admits the due execution of the deed, as set forth in the complainant’s bill, and the intermarriage of the plaintiff — denies that the defendant ever treated the said Susannah unkindly, or ever failed to make comfortable provision for her, as stipulated between.them, and avers that he is still ready and willing to comply
 
 with
 
 his contract, and submits whether any equity is charged in the bill.
 

 Replication was taken to the answer, and, the cause, being set for hearing, was transmitted to this Cou,rt.
 

 The plaintiff seeks to set aside an executed contract. This equity never does, but upon the ground of accident, mistake or fraud. 1
 
 Story’s Eq. Juris,
 
 secs. 161 and 439, and the cases there cited. Here relief is asked for upon neither of those grounds. It is not pretended, that the contract is different from what the plaintiff intended it should be — nothing is omitted which she wished inserted —nothing inserted which she did not intend should be.— Nor is it alleged, that any fraud was perpetrated on her in making the contract. But the true secret is revealed. At the time she made the agreement, she was in bad health and did not expect to live long. She subsequently recovered her health, so far that she again entered into the marriage state. All this is set forth in the bill. The contract is an executed one. The plaintiff, Mrs. Murray, conveyed to the defendant, who had married her daughter, her right to the land allotted to her, as her dower in the latid of her former husband ; and the defendant in
 
 *21
 
 consideration thereof covenanted, that he would find her board in his house, as long as she, the said Susannah Mc« Carson, should live, and to make her as comfortable as is convenient.” The plaintiff1 alleges, that the defendant has broken his contract. If so, a Court of common law is fully competent to give her redress in damages. That is the proper course to pursue. For it is a principle in Equity, that, whenever the party complaining can be fully compensated in damages and there is a perfect remedy at law, a Court of Equity will not entertain jurisdiction of the cause.
 

 Per Curiam, Bill dismissed with costs.