*88
 
 Pearson, O. J.
 

 The only question presented, is as to the legal effect of the addition or “ nota bene,” made to the penal bond, which was executed by the defendant, and “ the profits, benefits and advantages,” of which, are referred to as the consideration of the deed, executed by Rebecca Ilart, and having even date therewith. Is this addition, a mere
 
 covenant
 
 -not annexed to the estate, and for a breach, whereof the remedy would, be by action, or is it a condition annexed to the estate by way of defeasance, for a breach whereof the bargainor, or her heirs, might enter and defeat the estate of the bargainee and revest her original estate ?
 

 The words used aie appropriate to the expression of an agreement or covenant, and we can see nothing to indicate that it was the intention to make a condition or defeasance, whereby the estate was to be void, if the bargainee should sell, or dispose of the property, in the life-time of the bar-gainor. Apt words of condition are used in the bond, and the bargainor seems to have relied exclusively upon it, as her security for tire performance of the stipulations of the bar-gainee in respect to her support.
 

 There is nothing whereby either, these stipulations, or that in respect to not selling or disposing of the property, can be annexed to the estate in the land, and the bargainor seems to have depended upon the personal obligation of the bargainee in respect to the one, as well as the other.
 

 As there is no condition, we are not called upon to express an opinion upon the question suggested, i. e., whether, when an estate in fee simple is granted, a condition, which forbids alienation during the life-time of the, grantor, is not void, as being repugnant to the nature of the estate, and inconsistent therewith. There is no error.
 

 PeR Cueiam, Judgment affirmed.