WILLIAM SALMS, Ex'r., &c. *v.* J. M. & J. A. MARTIN and others.

A deed, the consideration of which is the prospective support of the bargainor, is valid as a bargain and sale; and if the vendor be proved to be the mother of the vendees, also, as a covenant to stand seized.

*Semble*, that under the provisions of ch. 37, sec. 1, of Rev. Code, a conveyance of land in North Carolina does not require a *consideration* (except so far as required by the policy in favor of creditors, and purchasers for value), but ordinarily is valid if executed and registered, as there required, without the addition of any of the former ceremonies.

(*Jackson* v. *Hampton*, 8 Ire. 457, cited and approved.)

PETITION to sell land for assets, tried before *Logan, J.,* at GASTON, Spring Term 1869.

In this case a question arose as to the title to the land sought to be sold: whether the testatrix had conveyed it by a deed duly executed, and registered, and made "in consideration of her support during her natural life by the vendees.".

It was contended by the plaintiff that the deed was invalid, for want of a proper consideration.

It appeared in evidence that the vendor was mother of the vendees; that at the time of making the conveyance she retained property enough to pay her own debts; that the vendees had previously for several years supported her, and that they continued to do so until her death.

His Honor being of opinion that the deed was void, gave judgment accordingly, and the defendant appealed.

*Bragg*, for the appellant.

*Hoke, contra.*

DICK, J. The defendants, by accepting the deed mentioned in the pleadings, incurred the responsibility of maintaining for life the testatrix of the plaintiff. If they had at any time failed to comply with the terms of this contract, they would have been liable in an action at law for damages. The testatrix at the time of the execution of her deed, acquired a certain and fixed right of maintenance against the defendants. For the land conveyed she received a *quid pro quo*, a valuable consideration, which was sufficient to support her deed. If she had made merely *a contract* for the sale of her land founded upon such a consideration, a court of equity would have enforced it specifically upon the application of either party. We think that it may be stated as a general principle, that any consideration in a contract which would induce a court of equity to exercise its discretionary power of specific performance, will be sufficient to give effect to a deed of bargain and sale; which, having its force and operation by virtue of the statute of uses, requires a valuable consideration to support it. 2 Co. Inst. 671, 2 Christian's Black. 336, Note, 4 Kent. 495.

There seems to be some diversity of opinion among the text writers as to the consideration necessary to support a deed of bargain and sale. It is admitted by all that a valuable consideration is necessary to raise a use, but some insist that by a bargain and sale of land no use arises, unless there is a *money* consideration; inasmuch as *a sale, ex vi termini*, implies a transfer of property for money. The rule requiring a consideration to raise a use, has become merely nominal and a matter of form, and it is now generally agreed among lawyers, at least in this country, that a valuable consideration, *i. e..,* "money or money's worth," is a sufficient consideration to support a bargain and sale. *Jackson* v. *Hampton*, 8 Ire. 457. The law is very liberal in assisting deeds in the matter of consideration, and when none is expressed, or sufficiently expressed, one may be proved on any trial where the validity of such deed is called into question.

It would not require a strained construction to make the deed before us operate as a covenant to stand seized to uses. It is in evidence that the grantees are the children of the grantor, and that for more than five years before the execution of the deed they had lived with the grantor, and kindly performed the filial duty of maintaining and taking care of their old and infirm mother; and it is but natural to suppose that in making the deed she was in some degree influenced by maternal affection. But it is unnecessary to consider this question further, as the grantees faithfully performed their contract of maintenance until the death of the grantor, and thus have a valuable as well as a good consideration to support their deed.

The deed cannot be invalidated on the ground of constructive fraud as to creditors, for it is admitted that the grantor at "the time of making the deed retained property fully sufficient and available for the satisfaction of her then creditors." Rev. Code, ch. 50, sec. 3. If this deed had been a voluntary one, it would have been good as to creditors, but the grantees are purchasers for a full and valuable consideration, and their

vested rights cannot be interfered with for the benefit of the creditors of the grantor.

There is another question arising in this case, which we desire to suggest to the profession for their mature consideration. The statute of uses was in existence as a modification of the common law at the time of the settlement of this country by our ancestors, and consequently became a part of our law. Conveyances deriving their force and operation from that statute have always been regarded as effectual in this State; in fact, a bargain and sale has been almost universally used in the conveyance of our lands. But it is a question worthy of consideration, whether the statute of 1715, ch. 7, (Rev. Code, ch. 37, sec. 1,) has not done away with not only the ceremonies of the old common law conveyances, but also those which operate upon the technical theory of raising a use, under the statute of uses. It seems to us, upon a fair construction of said statute, (Rev. Code, ch. 37, sec. 1,) that a deed executed and registered as required, will be valid, and pass an estate in lands, even without a consideration, when it does not come in conflict with Rev. Code, ch. 50, sec. 1 and 2, (13 and 27 Eliz.) Why should not the solemn and deliberate act of the grantor import a sufficient consideration, and give validity to his deed? And why should he be compelled to use a pepper-corn, or some other merely nominal consideration to set in operation the old machinery of the statute of uses? We are inclined to think that our statute has swept away not only livery of seisin, but the other technical ceremonies of the common law in the execution of conveyances.

We do not decide the question suggested, as it is unnecessary to do so in the case before us. The judgment in the court below must be reversed, and the petition dismissed.

PER CURIAM,                    Judgment reversed.