MARY LAXTON *vs.* EDWARD TILLY, Adm'r, *et al.*

Where a deed was made by a father to his son, in pursuance of a previous agree-
ment, and contained the following clause to-wit, "for, and in consideration of
$200, and the faithful maintenance of T. L. and wife, P. L., hath given and
granted unto the said T. L, a certain tract of land, to have and to hold, &c."
*Held*, that this stipulation constitutes a charge upon the land, in the hands of
the heir at law, though not upon the personal estate in the hands of the ad-
ministrator.

This was an civil action tried at the Fall Term 1871, of
Caldwell Superior Court, before Mitchell, Judge.

The suit was brought by Mary Laxton, who alleged in her
complaint, that she was the widow of Thomas Laxton, de-
ceased; that said Thomas Laxton was seized at one time of
several tracts of land, which he gave by way of advancement
to his three sons, charging the land given to Levi, one of his
sons, who has since died, with the maintenance of the said
Thomas and the plaintiff during their lives. A copy of the
deed to Levi is set forth. The clause in said deed, which is
relied upon to establish the charge of maintenance, &c., is as
follows: "Witnesseth, That for, and in consideration of the
sum of two hundred dollars, and the faithful maintenance of
the said Thomas Laxton and wife Polly Laxton, hath given,
granted, &c., unto the said Levi Laxton, a certain piece or
parcel of land, &c., &c." That the said Levi promised and
agreed, at the time of the execution of said deed, faithfully to
maintain the plaintiff and her husband during both their lives
as part of the consideration for said conveyance, &c.

That said Levi did perform this undertaking during his life-
time. That since his death the defendants, his personal repre-
sentative his widow and her heir at law, have failed and refus-
ed to support and maintain plaintiff.

Plaintiff demands judgment, that a trust be declared in her
favor, in consequence of the provision in the deed, and that

the defendants, the widow and heir at law of Levi Laxton be declared Trustees, &c.

That an account be taken to ascertain a reasonable amount for maintenance, and that the personal representative be required to pay the same in exoneration of the real estate.

Defendants admit in their answer the execution of the deed and that a correct copy is set forth, but they deny that the land conveyed to Levi Laxton was subjected to any charge for the maintenance of the said Thomas and the plaintiff. They deny any promise to support and maintain the plaintiff, and the said Thomas, at the time of the execution of the deed and insist that the complaint is multifarious. &c. They deny also that they have refused to support the plaintiff.

The case was referred to the Clerk, to report the facts touching the contract between Thomas Laxton and Levi his son.

What would be a reasonable support, &c., for the plaintiff? Have the personal representative, and heir at law, and next of kin, refused to support? &c.

The Clerk took testimony and reported to the Court. The report was confirmed by His Honor.

Upon motion, a decree was made by His Honor in substance that "the Court is of opinion, that by the deed of Thomas Laxton to his son Levi, the land described in said deed, is subject to a charge for the maintenance of said Thomas and wife during their lives.

It is therefore adjudged that a lien is hereby declared upon said land for the support of the plaintiff; and it further appearing that the defendant Tilly, administrator, has assets to the amount of one hundred and seventy-six dollars, in exoneration of of the real estate it is ordered, that the administrator, so long as he has assets, pay to plaintiff the sum of $40 *per annum*, and that in default of assets, the sum is declared a charge upon the land to be discharged upon payment of $40 *per annum*."

Defendants made several objections to the rulings of His Honor:

1st. That the bill was multifarious.

2nd. That the action could not be maintained in the name of plaintiff.

3d. That the deed did not constitute any charge on the real estate.

4th. That there was no evidence of a promise, and that the Court could take no notice of the report of the Clerk.

The case was heard upon the complaint, answer and report of the Clerk, and His Honor having overruled all objections made by the defendants and entered the judgment above stated, they appealed.

*Ovide Dupré*, for plaintiff.
*Folk*, for defendant.

READE, J, The maintenance of the plaintiff is not a charge upon the personalty of the estate of Levi Laxton, dec'd, in the hands of the defendant his administrator, but it is a charge upon the land which Thomas Laxton sold to Levi Laxton, with the stipulation that Levi should support the plaintiff.

The judgment below will be modified in conformity with this opinion, and the cause will be remanded, and this will be certified.

PER CURIAM.                    Judgment modified.