H. L. WALL, Administrator of W. N. Blackburn, v. JOHN D. WALL, Administrator of Mollie F. Blackburn and Others, Heirs-at-Law of W. N. Blackburn.

(Decided April 24, 1900.)

*Deed—Reservation for Support of Imbecile Daughter—Charge Upon Rents and Profits—Notice of Charge by Subsequent Vendee—Amount, When Ascertained, a Lien.*

1. Where a mother, in a deed to one daughter, provides that another daughter, imbecile, should be supported out of the income of the property so conveyed during her life, the courts will observe the intention when they can, and give effect to it.

2. The reservation for the support of the daughter is a lien on the land, and not a mere personal charge against the grantee. If the grantee subsequently conveys the land subject to such reservation, the subsequent grantee takes the title with express notice, and is as much liable for its performance as the original grantee.

3. A reservation will be considered as made to the grantor, when valuable rights are secured to him, although others may be benefitted by it.

PETITION to sell land for assets, transferred to Superior Court docket and heard before *Shaw, J.,* upon statement of facts agreed at Fall Term, 1899, of STOKES Superior Court.

On October 29, 1881, Mrs. Margaret Blackburn conveyed to W. B. Vaughn and wife (her son-in-law and daughter), for a consideration of $1,000, a tract of land in Stokes County, containing 225 acres, more or less—"reserving to herself the possession, use, enjoyment and control of the tract of land for and during her natural life, and reserving also the care and support of her daughter, Margaret Eliza Blackburn, for and during the life of the said Margaret Eliza."

On November 22, 1883, W. B. Vaughn and wife, in consideration of $2,000, conveyed to William N. Blackburn and

his heirs said tract of land, "subject to such reservation as is contained in a deed made by Margaret Blackburn to us on the 29th day of October, 1881."

Upon the death of William N. Blackburn his administrator filed this petition to sell this land for assets against his heirs-at-law; Margaret Eliza Blackburn applied to the Court and was allowed to intervene in the cause and set up her rights, under the reservation contained in her mother's deed to Vaughn and wife, and referred to and recognized in their deed to William N. Blackburn.

The Court adjudged that said land is hereby charged with maintenance, care and support of the said Margaret Eliza Blackburn for and during her natural lifetime, and it being admitted that she is of weak mind, a reference was ordered to the clerk to ascertain the annual sum required.

The plaintiff excepted and appealed.

*Messrs. Watson, Buxton & Watson,* for appellants.
*Mr. W. W. King,* for appellee Wall.
*Messrs. Jones & Patterson,* for appellee Blackburn.

FAIRCLOTH, C. J.   This is an action for the construction of a deed executed by Margaret Blackburn to W. B. Vaughn and wife.   The deed, for a valuable consideration, conveys a tract of land in fee, and contains the following clause: " The said Margaret Blackburn reserving to herself the possession, use, enjoyment and control of the tract of land for and during her natural life, and reserving also the care and support of her daughter, Margaret Eliza Blackburn, for and during the life of the said Margaret Eliza."

Margaret Eliza, her mother having died, alleges that said reservation for her support is a lien on the land, and the defendants contend that it is only a personal charge against

the grantee.    The grantee subsequently conveyed the land "subject to such reservation."    This is the disputed point in the case.

The intention of the parties is clear, and the courts will observe the intention when they can, without violating any settled rule of law and without conflict with any other material part of the contract.

The title of the whole tract passes by the deed to the purchaser, and the clause quoted is not an exception to the conveying part of the deed.    "An *exception* is always a part of the thing granted, or out of the general words and description in the grant. . . .    If the exception be valid, the thing excepted remains with the grantor, with the like force and effect as if no grant had been made."    4 Kent, 468.    "A reservation is a clause in a deed, whereby the grantor reserves some new thing to himself issuing out of the thing granted, and not *in esse* before."    *Ibid,* 468; Shep. Touchstone; 80.

It is plain that the mother, in said deed, when conveying her property to one daughter, intended that her daughter Mary Eliza should be supported out of the income of the property so conveyed during her life.    After reserving for herself for her own life, she then says "also" the care and support of her daughter Margaret Eliza, who has no other benefit under the deed.    It is not reasonable to suppose that Margaret Eliza should, after the mother's death and at a time when she most needed protection, be turned out on the cold charity of the world, or the pleasure of her more fortunate brother-in-law.    The obvious meaning is that, not only that Margaret Eliza should be supported out of the income and profits of the land, but "also" that her support should be as well secured as that of the grantor; and that security is obtained, as we think, by considering the care and sup-

port cf Margaret Eliza a charge on the thing issuing out of the land, *i. e.,* the rent, income and profits, as the case may be. This meets the intention of the mother and injures no one. *Ralphsnider v. Ralphsnider,* 17 West Va., 28; *Goodpasler v. Leathers,* 123 Ind., 121.

In *Gray v. West,* 93 N. C., 442, the will provided "that A. G. should have her support out of the land." This was held to be, not a charge on the *corpus* of the land, but only the right to receive a support out of the rents and profits. When the proper amount under the circumstances shall be ascertained in this case, the Court will require that the rents, profits and income be applied to satisfy the ascertained amount. The present owners of the land took title with express notice of this provision in the original deed, and are as much liable for its performance as the original grantee.

A reservation will be considered as made to the grantor, when valuable rights are secured to him, although others may be benefitted by it. *Gay v. Walker,* 36 Maine, 54. We are therefore of opinion that his Honor's construction of the deed was right.

Affirmed.