JOHN M. FLEMING ET AL. v. A. H. MOTZ.

(Filed 16 April, 1924.)

1. **Wills—Devise—Power of Sale—Deeds and Conveyances—Title.**

   A devise of the testatrix of her home to her three sons, who survived her as her only heirs at law, upon condition that it be kept as a home for all, except in the event they fully consented to sell it, and upon the death of one of them his share to revert to the living ones for an equal division: *Held,* the controlling intent of the testatrix was not to make an absolute restraint on alienation, or to continue the home until the death of the last survivor, but that upon the death of one the house could be sold and conveyed with the consent of the surviving sons.

2. **Deeds and Conveyances—Consideration—Support of Grantor—Covenants—Charge Upon Land—Subsequent Grantees—Notice.**

   A conveyance of land upon consideration of the grantee maintaining the grantor for life is a covenant charging the land therewith, and is binding not only on the grantee, but as a charge upon his successors in title who take by deed with actual or constructive notice thereof.

APPEAL by defendant from *Lyon, J.,* at the Special November Term, 1923, of CASWELL.

Mrs. Jasper Fleming died in 1918 leaving a will, the ninth item of which is as follows: "I desire the home to be kept as a home for all, unless it is thought best to sell, and then with the full consent of my three sons. If either son dies I do not want the home sold but let their

share revert to the living ones. But if by mutual consent of my three sons a sale is made it shall be equally divided between the three sons." The three sons who survived the testatrix were John M. Fleming, Robert Fleming, and Paul Fleming, her only children and heirs at law. On 4 February, 1921, Robert died leaving a widow and two children, namely, Mrs. Nannie Hunt Fleming (widow), John M. Fleming, Jr., and Mrs. Evelyn Callen, wife of Paul Callen, as his only heirs. John M. Fleming, Jr., is a minor under twenty years of age, without general or testamentary guardian, and is represented in this cause by his next friend. After the death of Robert Fleming, to wit, on 27 April, 1921, John M. Fleming and Paul Fleming and his wife conveyed a one-third undivided interest in the devised land to Mrs. Nannie Hunt Fleming, widow of Robert Fleming, and on 14 June, 1921, Mrs. Fleming conveyed said one-third undivided interest to Paul Callen, her son-in-law, in consideration of $100 and maintenance during her natural life. This deed was registered 2 August, 1921. On 22 August, 1921, Paul Callen and his wife conveyed said interest to John M. Fleming, Sr. On 12 October, 1923, John M. Fleming, Sr., and Paul Fleming offered the entire property for sale by public auction, and the defendant became the last and highest bidder at $6,000, which was acceptable to John M. Fleming, Sr., and Paul Fleming. Since said sale John M. Fleming, Sr., Paul Fleming and wife, and John M. Fleming, Jr., have executed and tendered a deed for said property to the defendant, and he has declined to accept it on the ground that a good and indefeasible title cannot be conveyed by said parties. The trial judge held that they could convey a good and indefeasible title, and the defendant excepted and appealed.

*P. W. Glidewell* for *plaintiff.*
*E. F. Upchurch* for *defendant.*

ADAMS, J. The defendant requests our consideration of only two exceptions. The first involves a determination of the question whether by the ninth item of the will the testatrix intended to preserve the devised property as a home for her three sons so long as any one of them lived; and if this question be resolved against the defendant, it seems to be conceded that the devisees acquired the fee as tenants in common, subject to the contingency of a reversion to the "living ones if either son died." *Southerland v. Cox,* 14 N. C., 394; *Rowland v. Rowland,* 93 N. C., 214, 221.

The devise was not intended as an absolute restraint on alienation. If either son died his share was to "revert" to the survivors, and a sale was to be made by the mutual consent of the three sons if living,

FLEMING v. MOTZ.

or evidently by the two surviving if one died before the conveyance was executed. We therefore do not concur in the suggestion that it was the purpose of the testatrix to keep the place as "a home for all" until the death of the last survivor.

About three months after Robert's death his surviving brothers conveyed to his widow, Mrs. Nannie Hunt Fleming, a one-third undivided interest in the home, and on 14 June, 1921, Mrs. Fleming conveyed her interest to Paul Callen in consideration of one hundred dollars and maintenance during her natural life. The defendant contends that the consideration of maintenance creates a charge upon the interest conveyed by her, and that subsequent purchasers took Callen's title *cum onere*.

In *Bailey v. Bailey,* 172 N. C., 671, 674, the grantor conveyed certain tracts of land "in consideration of $791, and my maintenance during my natural life"—almost the identical language employed in the deed before us. The court, noting the distinction running through several of our decisions, held that the consideration created a charge upon the land, and said: "The meaning and effect of a provision for maintenance, frequently found in deeds and wills, have received different constructions, depending on the placing of the provision and upon other terms of the instrument in which it appears. In some of the cases it is dealt with as a personal covenant (*Taylor v. Lanier,* 7 N. C., 98; *Ricks v. Pope,* 129 N. C., 55; *Perdue v. Perdue,* 124 N. C., 163; *Lumber Co. v. Lumber Co.,* 153 N. C., 50), in others as constituting a charge on the rents and profits from the lands (*Gray v. West,* 93 N. C., 442; *Wall v. Wall,* 126 N. C., 408), and in others as a charge on the land itself (*Laxton v. Tilly,* 66 N. C., 327; *Helms v. Helms,* 135 N. C., 171)."

In *Laxton v. Tilly* and in *Helms v. Helms* the consideration was similar to that mentioned in the deed to Paul Callen, and in the latter case *Mr. Justice Connor* said that the wording of the deed did not constitute a condition subsequent, a breach of which entitled the grantor to avoid the deed, but operated rather as a covenant to furnish support, a breach of which constituted a charge upon the land. See, also, the same case on a rehearing reported in 137 N. C., 207.

According to these authorities the provision for maintenance incorporated in the deed executed by Mrs. Fleming constitutes a charge upon the interest therein described and is enforceable not only against her immediate vendee, but against the subsequent purchasers who acquired their title with actual or constructive notice of the charge. *Outland v. Outland,* 118 N. C., 139; *Wall v. Wall, supra.*

For this reason the judgment of his Honor is

Reversed.