JOHN H. "PAT" HIGGINS v. MATILDA HIGGINS, ORA LEE WILLIS AND SAM WILLIS.

(Filed 13 October, 1943.)

1. **Deeds §§ 13a, 17d—**

In construing a clause in a deed providing for support and maintenance, its legal effect must be determined by a construction of the entire instrument. A collateral agreement, not appearing in the deed, in the absence of fraud or mistake which would warrant a reformation of the instrument, will not support an equitable lien on the premises conveyed for the enforcement of the collateral agreement.

2. **Deeds § 17d—**

The grantee, in a deed containing a covenant for support and maintenance, has a right to convey the land and to transfer the charge to his grantee, who would take with notice of the provisions in the original deed.

3. **Same: Equitable Liens § 1—**

Where plaintiff's conveyance of lands contained a provision that grantee would keep grantor in sickness and old age and grantee conveyed the lands in fee, receiving in exchange therefor other lands in fee to himself and wife by the entireties without covenant for support, which, after the death of the husband, the wife, one of defendants, conveyed to the other defendants, reserving a life estate to herself and plaintiff, with provision that one of grantees· is to give reasonable amount of aid to plaintiff in sickness and old age, on suit for breach of covenant for support of plaintiff and verdict for plaintiff on all issues, it was error for the court to hold that plaintiff is entitled to an equitable lien upon the lands of defendants.

APPEAL by defendants from *Alley, J.,* at January Term, 1943, of YANCEY.

Civil action against defendants for alleged breach of covenant for support and maintenance.

Plaintiff executed a deed to James Higgins, dated 20 March, 1922, in consideration of $500.00 to him paid by James Higgins, and after the description of the land in said conveyance, there appears the following: "I further agree to keep him in sickness and old age."

On 17 March, 1925, James Higgins and wife, Matilda Higgins, conveyed said land to J. Will Higgins in exchange for other land. The land received in exchange was conveyed to James Higgins and Matilda Higgins, and held by them for some years as tenants by the entirety, and the conveyance to them contains no provision for the support of John H. Higgins, the plaintiff. James Higgins died and thereafter, on 7 June, 1940, Matilda Higgins conveyed the land to Ora Lee Willis and her minor son, Sam Willis, which deed contains the following provisions: "This deed will not come in effect until the death of Matilda Higgins and John Pat Higgins and they are to have full control as long as they live. The said Ora Lee Willis is to give reasonable amount of aid and care in sickness and old age, or this deed be *None* void."

A guardian *ad litem* was duly appointed for Sam Willis.

The jury returned the following verdict:

"1. Did the plaintiff institute his action within 3 years from the time his cause of action arose? Ans.: 'Yes.'

"2. Did the plaintiff institute his action within 10 years from the time his cause of action arose? Ans.: 'Yes.'

"3. Did James Higgins in his lifetime accept the Deed for the land therein described, from J. H. Higgins, dated March 20th, 1922, on condition and with the understanding and agreement that he would from time to time, keep and maintain the said J. H. Higgins, in his sickness and old age, as alleged in the complaint? Ans.: 'Yes.'

"4. Did James Higgins, in his lifetime, commit a breach of said condition and agreement in his lifetime, as alleged in the complaint? Ans.: 'Yes.'

"5. Did Matilda Higgins at the time, or thereafter, of the execution of the deed to her and James Higgins, assume the obligation of support of John H. Higgins? Ans.: 'Yes.'

"6. Did Matilda Higgins commit a breach of said condition? Ans.: 'Yes.'

"7. Did Matilda Higgins execute the deed dated June 7, 1940, to Ora Lee Willis and Sam Willis, on condition and with the understanding and agreement that the said Ora Lee Willis was to give or provide a reasonable amount of aid and care in sickness and old age to the said John H. Higgins? Ans.: 'Yes.'

"8. Did Ora Lee Willis commit a breach of said condition and agreement on which she accepted said deed? Ans.: 'Yes.'

"9. What sum, if any, is the plaintiff entitled to recover of the defendants, as the reasonable amount for support and maintenance of John H. Higgins in his sickness and old age?  Ans.: '$1.00 per day.'"

Thereupon the court, in construing the verdict of the jury, signed a judgment for the plaintiff in the sum of $485.00, being the amount plaintiff was entitled to recover under the verdict at one dollar per day from 7 June, 1940, to 6 October, 1941, the date of the institution of the action, for the reasonable support of the plaintiff so long as he may live and providing further that said judgment shall constitute a specific lien on the land conveyed to James Higgins and wife, Matilda Higgins, by J. Will Higgins in exchange for the land originally conveyed by the plaintiff to James Higgins, describing said land by metes and bounds; and, also providing therein that said judgment shall not constitute any lien, debt or obligation against the defendant Sam Willis except in so far as it affects the land referred to and described therein.

Defendants appeal and assign error.

*Briggs & Atkins and R. W. Wilson for plaintiff.*
*Sanford W. Brown and Charles Hutchins for defendants.*

DENNY, J.  The only question presented on this record for our consideration, is whether or not the court erred in holding that under the verdict of the jury the plaintiff is entitled to an equitable lien on the land now owned by the defendants; that is, upon land conveyed to James Higgins and wife, Matilda Higgins, by J. Will Higgins in exchange for the original tract of land conveyed by the plaintiff to James Higgins.

The other exceptions set out in the record are not preserved, as required by Rule 28 of the Rules of Practice in the Supreme Court, 221 N. C., 562, and are to be considered as abandoned.  Therefore the defendants are not resisting judgment against them for the sum of $485.00, nor for the future support of the plaintiff, but they contend the facts established by the verdict of the jury constitute nothing more than a personal obligation to support the plaintiff, and are insufficient under the decisions of this Court to support a charge on the land owned by these defendants.

In construing a clause in a deed providing for support and maintenance, its legal effect must be determined by a construction of the entire instrument.  *Marsh v. Marsh,* 200 N. C., 746, 158 S. E., 400.  Consequently, a collateral agreement not appearing in a deed, in the absence of fraud or mutual mistake, which would warrant a reformation of the instrument, will not support an equitable lien on the premises conveyed for the enforcement of the collateral agreement.

Whether or not the provision, "I further agree to keep him in sickness and old age," is sufficient to constitute a charge on the land described in the original conveyance from the plaintiff to James Higgins, we need not decide, since that question is not presented on this record. However, conceding, but not deciding, that the provision in the original deed is sufficient to constitute a lien or charge on the land, the grantee had the right to convey the land and to transfer the charge to the subsequent grantee, and the subsequent grantee took with notice of the provision in the original deed. 26 C. J. S., 485, *et seq.,* sec. 150.

The deed, dated 17 March, 1925, from J. Will Higgins to James Higgins and wife, Matilda Higgins, as tenants by the entirety, is a warranty deed in fee simple and recites a consideration of $2,000.00, and contains no covenant or condition for the support of John H. Higgins, the plaintiff. On 7 June, 1940, more than 15 years after James Higgins and the defendant, Matilda Higgins, obtained the above deed, Matilda Higgins executed a deed to the premises to Ora Lee Willis and her minor son, Sam Willis, and, after the description of the land in said deed, there appears the conditions set out in the statement of facts herein. Those conditions, particularly on the question of support of this plaintiff, are vague, and cannot be held as a covenant for the support of this plaintiff which would constitute a charge on the premises therein conveyed.

The verdict of the jury does establish the fact that at the time James Higgins accepted the original deed from John H. Higgins, dated 20 March, 1922, it was understood and agreed that James Higgins "would from time to time, keep and maintain the said J. H. Higgins in sickness and old age"; and further that said obligation was assumed by the defendants. However, the assumption of that obligation by these defendants, in the light of the facts presented on this record, at most, constitute nothing more than a personal obligation on their part. The position of the plaintiff is far less persuasive than that of others in cases where covenants have been held to be personal. *Taylor v. Lanier,* 7 N. C., 98; *Perdue v. Perdue,* 124 N. C., 161, 32 S. E., 492; *Ricks v. Pope,* 129 N. C., 52, 39 S. E., 638; *Lumber Co. v. Lumber Co.,* 153 N. C., 49, 69 S. E., 929; *Bailey v. Land Bank,* 217 N. C., 512, 8 S. E. (2d), 614.

Courts will guard with jealous care the rights of the aged and infirm who have conveyed their land in the belief that they were making provision for support and maintenance in their declining years. And an examination of the decisions of this Court will disclose a strong and uniform tendency to treat a claim for support and maintenance as a charge on the land, which will follow it into the hands of purchasers, whenever the provision contained in the conveyance will justify such a construction. *Laxton v. Tilly,* 66 N. C., 327; *Helms v. Helms,* 135 N. C., 164, 47 S. E., 415; *Bailey v. Bailey,* 172 N. C., 671, 90 S. E., 803;

*Marsh v. Marsh,* 200 N. C., 746, 158 S. E., 400. The facts in this case, however, do not entitle the plaintiff to an equitable lien on the land of the defendants described in the judgment below.

Except as herein modified, the judgment below is affirmed. Let the costs be divided equally between the plaintiff and the defendants.

Modified and affirmed.