W. O. MINOR AND WIFE, LAURA HORTON MINOR, v. W. A. MINOR AND WIFE, EVELYN MINOR.

(Filed 22 November, 1950.)

**1. Reformation of Instruments § 3—**

Where it is judicially admitted by the parties that the male defendant agreed to support plaintiffs for the rest of their lives as consideration for deed to lands executed by plaintiffs to defendants, and that this provision was omitted from the deed through the mutual mistake of the parties, the court may decree reformation of the deed by the insertion of such provision.

**2. Deeds § 16c—**

Agreement by the grantee to support the grantors for the rest of their lives is a valuable consideration for the transfer of the property by grantors.

**3. Same—**

A provision in a deed that grantee should support grantors for the remainder of the grantors' lives may be a condition precedent to the vesting of title, a condition subsequent, or a covenant, depending upon the wording of the agreement in the instrument.

**4. Same—**

A covenant by grantee to support grantors for the balance of their lives may impose a mere personal obligation on the grantee, or may make the obligation a charge or lien on the rents and profits from the land conveyed, or may make such obligation a lien on the land itself, depending · on the wording of the agreement.

**5. Same—**

An agreement in a deed that the grantee support grantors for the remainder of their lives will be construed as a mere covenant rather than a condition if the language will reasonably admit of such interpretation, since the law does not favor conditions precedent or subsequent.

**6. Same—**

It was judicially admitted by the parties that the male defendant agreed to support plaintiffs for the rest of their lives as consideration for a deed executed by plaintiffs to defendants, and that this agreement was omitted from the instrument through the mutual mistake of the parties. *Held:* There being no understanding that the promise was to operate as a condition precedent and all indicia of a condition subsequent being lacking, the

agreement is construed as a covenant making the obligation a charge or lien on the land.

**7. Same—**

Where the grantee breaches a covenant to support grantors which obligation constitutes a charge or lien on the land, grantors are not entitled to a cancellation of the instrument for condition broken but are remitted to an action for damages to be measured by the value of the promised support lost by grantors.

APPEAL by defendants from *Burgwyn, Special Judge,* at the April Term, 1950, of WAKE.

Civil action in which grantors seek to reform a deed by inserting in it a promise by the grantee to support them allegedly omitted through mutual mistake, and to cancel deed as reformed for breach of such promise by the grantee.

W. O. Minor and his wife, Laura Horton Minor, owned a fifty acre farm in Wake County, North Carolina, as tenants by the entireties. On 23 October, 1939, they deeded the farm to their son, W. A. Minor, in fee, subject, however, to life estates in their favor.

On 6 April, 1949, W. O. Minor and Laura Horton Minor, as plaintiffs, brought this action against W. A. Minor and his wife, Evelyn Minor, as defendants, in the Superior Court of Wake County. The case made out by the complaint and the evidence for the plaintiffs was as follows:

The conveyance of 23 October, 1939, was made by the plaintiffs in consideration of a promise by the male defendant, W. A. Minor, to furnish them with support for the remainder of their lives. The parties agreed that the provision for the support of the grantors by the grantee was to be inserted in the deed, but it was omitted from the conveyance through mutual mistake. The plaintiffs did not discover the error in the deed until one year before the commencement of the suit. The male defendant actually provided his parents with support in accordance with his promise until April, 1948. Since that time, however, he has willfully failed to furnish them with any support whatever.

The complaint prayed for the cancellation of the deed.

The defendants judicially admitted at the trial that the conveyance was made to the male defendant in consideration of a promise by him to support his parents during the remainder of their lives, and that the agreement to that effect was omitted from the deed through mutual mistake. They offered testimony, however, tending to sustain the allegations of their answer that the male defendant fully complied with his promise to support the plaintiffs at all times between 23 October, 1939, and 1 January, 1948, but had been unable to perform his agreement in that respect since the date last stated because the plaintiffs had unjustifiedly refused to accept the support offered by him.

There was neither allegation nor evidence in behalf of any party to the action as to the value of the support called for by the agreement.

These issues were submitted: (1) Did the defendant, W. A. Minor, agree to support and maintain the plaintiffs as a consideration for the conveyance of the property described in the complaint? (2) Was the consideration left out of the deed of conveyance by mutual mistake? (3) Has the defendant willfully failed to comply with the agreement of consideration?

The first and second issues were answered "Yes" by consent of the parties, and the third issue was answered "Yes" by the jury. The court entered judgment canceling the deed, and the defendants appealed, assigning errors.

*Sam J. Morris for plaintiffs, appellees.*
*Ellis Nassif for defendants, appellants.*

ERVIN, J. Under the allegations of the complaint, the judicial admissions of the defendants at the trial, and the answers to the first and second issues, the plaintiffs were entitled to have the court reform the deed by inserting in it the omitted agreement of the parties requiring the male defendant to support the plaintiffs for the remainder of their lives. *Cuthbertson v. Morgan,* 149 N.C. 72, 62 S.E. 744. Instead of entering a judgment of reformation, however, the court decreed that the conveyance should be canceled in its entirety. The defendants challenge the propriety of this action by an appropriate exception to the judgment.

It is a common practice in this State for a person to convey his real property to another in consideration of a promise by the latter to furnish him with support for the remainder of his life. In such case, the agreement of the grantee to support the grantor is a valuable consideration for the transfer of the property. *Lee v. Ledbetter,* 229 N.C. 330, 49 S.E. 2d 634; *Ayers v. Banks,* 201 N.C. 811, 161 S.E. 550; *Salms v. Martin,* 63 N.C. 608.

A provision in a deed for the support of the grantor by the grantee may constitute a mere covenant, or operate as a condition, depending solely upon the expressed intention of the parties to the conveyance. Thus the language employed in a particular instrument may make the performance of the promise of the grantee to support the grantor a condition precedent to the vesting of the estate (*Cox v. Hinshaw,* 226 N.C. 700, 40 S.E. 2d 358), or a condition subsequent for which the estate might be divested. *Barkley v. Thomas,* 220 N.C. 341, 17 S.E. 2d 482; *Huntley v. McBrayer,* 169 N.C. 75, 85 S.E. 213; *Brittain v. Taylor,* 168 N.C. 271, 84 S.E. 280.

But the law does not favor either the postponement of the vesting of estates by conditions precedent, or the destruction of estates already vested by conditions subsequent. In consequence, courts will construe the words of a deed requiring the grantee to support the grantor to create a mere covenant rather than a condition, if they will reasonably admit of such interpretation. *Helms v. Helms,* 135 N.C. 164, 47 S.E. 415, rehearing denied in 137 N.C. 206, 49 S.E. 110.

Where an agreement of the grantee to support the grantor as stated in the deed, or in another instrument executed in consideration of the deed, is simply a covenant, it falls into one of three legal categories, depending entirely upon the expressed intention of the parties. *Marsh v. Marsh,* 200 N.C. 746, 158 S.E. 400. A covenant of the first class imposes upon the grantee a mere personal obligation to support the grantor. *Higgins v. Higgins,* 223 N.C. 453, 27 S.E. 2d 128; *Bailey v. Land Bank,* 217 N.C. 512, 8 S.E. 2d 614; *Hart v. Dougherty,* 51 N.C. 86; *Taylor v. Lanier,* 7 N.C. 98, 9 Am. Dec. 599. A covenant of the second class makes the obligation of the grantee to support the grantor a charge or lien on the rents and profits from the land conveyed. *Wall v. Wall,* 126 N.C. 405, 35 S.E. 811. A covenant of the third class makes such obligation a charge or lien on the land itself. *Marsh v. Marsh, supra; Fleming v. Motz,* 187 N.C. 593, 122 S.E. 369; *Bailey v. Bailey,* 172 N.C. 671, 90 S.E. 803; *Helms v. Helms, supra; Laxton v. Tilley,* 66 N.C. 327.

The distinction between conditions and covenants becomes important in determining the remedy available to a grantor whose grantee has breached the agreement to furnish support. It is settled law in this jurisdiction that the nonperformance by the grantee of an agreement to support the grantor does not authorize the cancellation of the deed made in consideration of the agreement, unless the performance of the agreement is made a condition precedent to the vesting of the estate, or a condition subsequent for which the estate might be divested. *Helms v. Helms, supra.* The rule in respect to covenants is epitomized in this headnote to a decision handed down exactly one hundred years ago:

"Where the *feme* plaintiff had conveyed her estate in dower to the defendant, and he had covenanted, in consideration thereof, to support her, *Held,* that, if he failed to do so, she could not set aside the whole contract, but must resort to her remedy at law for damages." *Murray v. King,* 42 N.C. 19.

The reasoning underlying this principle is well stated by the Supreme Court of Alabama in these words: "The first ground is obviously wanting in merit. The fact that J. C. Knight (the grantee) failed to carry out his undertaking or that both he and his wife failed and refused to carry out the undertaking in consideration of which the conveyance was made is no ground for the cancellation of the conveyance. The undertaking

was in no sense a condition subsequent upon the breach of which the conveyance was void or voidable, but at most it was a covenant on the part of J. C. Knight to pay, acquit and satisfy the price of the land in a particular way, or rather the consideration upon which the deed was made; and there is no more room or reason for a cancellation of the conveyance for default in the satisfaction of such a consideration or for failure to carry out such an undertaking than there would have been had the consideration been so much money and the purchaser had made default in the payment thereof. In both cases the remedy of the vendor would be on the undertaking, and not by way of cancellation and revestiture of title in himself." *Gardner v. Knight,* 124 Ala. 273, 27 So. 298.

The remedy available to a grantor whose grantee has breached a covenant to furnish support is an action for damages. *Murray v. King, supra.* The proper measure of damages in such action is the value of the promised support lost by the grantor. 50 Am. Jur., Support of Persons, section 26. The judgment for the damages suffered by the grantor is enforced as a charge or lien on the rents and profits from the land in case the covenant in question is a covenant of the second class (*Wall v. Wall, supra*), or as a charge or lien on the land itself in the event the covenant involved is a covenant of the third class. *Cuthbertson v. Morgan, supra.*

The task of applying these principles to the instant case must now be performed. There is no suggestion in the record of any understanding that the promise of the male defendant to furnish the plaintiffs with support was to operate as a condition precedent. Moreover, all of the indicia of a condition subsequent are lacking. *Shannonhouse v. Wolfe,* 191 N.C. 769, 133 S.E. 93; *Hall v. Quinn,* 190 N.C. 326, 130 S.E. 18. When the record in this cause is analyzed in the light of pertinent precedents, it is manifest that the promise of the male defendant to furnish the plaintiffs with support for the remainder of their lives is simply a covenant of the third class, *i.e.,* a covenant making the obligation of the male defendant to support the plaintiffs a charge or lien on the interest conveyed to him by the deed in suit. *Helms v. Helms, supra; Laxton v. Tilly, supra.*

This being so, the court erred in adjudging the cancellation of the deed. Furthermore, it committed error in submitting the third issue to the jury; for the pleadings did not put the right of the plaintiffs to recover damages for the alleged breach of the agreement in issue.

For the reasons given, the answer to the third issue is set aside, and the judgment is vacated, and the cause is remanded to the Superior Court of Wake County, with directions that it enter a final judgment on the admissions of the defendants and the answers to the first and second issues reforming the deed in suit by inserting in it the agreement of the male

defendant to support the plaintiffs during the remainder of their lives. If the plaintiffs should desire to claim damages of the male defendant for any supposed breach of the agreement, they are at liberty to proceed against him in another action.

Error.