LIZZIE HERRING MILLS, WIDOW v. BESSIE INGRAM DUNK AND HUS-
BAND, WILLIAM H. DUNK.

(Filed 24 February, 1965.)

1. Cancellation and Rescission of Instruments § 2— Deed may be re-
scinded for misrepresentation that it contained material provision
for support of grantor.

Where the grantee agrees to support and maintain grantor for life as
consideration for the conveyance of the remainder in property after the
reservation of a life estate, and grantor, an illiterate, is induced to sign an
unconditional deed conveying the remainder in the belief that the deed set
forth the agreement of the parties, the grantor is entitled to rescission of
the deed for fraud in the treaty, and such right of action may not be de-
feated by the contention that the action was to declare a sealed deed void
for failure of consideration or for failure of grantor to allege that grantee,
at the time of making the promise to maintain and support grantor, did not
then presently intend to fulfill such promise.

2. Appeal and Error § 1— Defendant may not acquiesce in theory of
trial and then object thereto on appeal.

Where plaintiff alleges a cause of action for rescission of a deed for
fraud in the treaty in that she was induced to sign the instrument by false
representations that the deed contained a material provision which it did
not, but the court submits the case to the jury on the theory that defendant
fraudulently induced plaintiff to sign the deed by promising to support and
maintain plaintiff for life when defendant had no present intent of fulfill-
ing the promise, but defendant does not except to the issues or to the charge
or make any objection that the case was not submitted to the jury upon
the facet of fraud alleged in the complaint, defendant may not complain,
since a litigant may not acquiesce in the trial of the case upon one theory
and assert on appeal that it should have been tried on another.

APPEAL by defendants from *Morris, J.,* September 1964 Civil Term
of PITT.

This action to set aside a deed was instituted April 2, 1962. In brief
summary, plaintiff alleges: Plaintiff, illiterate, is the mother of *feme*
defendant (Bessie). On June 25, 1957, in consideration of defendants'
promise to support and maintain her, in accordance with her station in
life, so long as she might live, plaintiff agreed to convey to Bessie,
subject to a life estate in plaintiff, a certain tract of land containing 28
acres. Defendants promised to have a deed prepared in accordance with
their agreement. On June 25, 1957, relying upon defendants' represen-
tations "that the deed had been drawn exactly in accordance with their
agreement," plaintiff signed it. She acknowledged it on July 11, 1957,
and the instrument was recorded July 18, 1957. Defendants, agreeing
to pay plaintiff as rent one-third of all crops raised on it, immediately
went into possession of the land. Defendants not only have failed and

refused to provide any support whatever for plaintiff but also have never paid her any rent. "Recently" plaintiff discovered that the deed contained no mention of the agreement which was the consideration for the conveyance but that it merely recited a consideration of love and affection plus one dollar. She immediately demanded a reconveyance of the property to her, but defendants refuse to reconvey. Plaintiff is entitled to have the deed set aside "(1) For total failure of consideration. (2) For the false and fraudulent representations of the defendants to the plaintiff made and declared by the defendants at the time of the execution of the deed." Answering, defendants denied all the material allegations of the complaint.

Plaintiff's evidence, taken in the light most favorable to her, is sufficient to establish these facts: Plaintiff acquired the land in question by inheritance from her sister sometime prior to August 2, 1955. Thereafter her son-in-law, defendant Henry Dunk (Henry), "run (her) down to let him be boss of that land." He told her that if she would convey the land to him he would take care of her and her husband, who has since died, as long as they lived. Subsequently Bessie took her to a notary's office, where plaintiff and her husband signed a paper which, she was told, was a "will deed" to keep her husband's boys from bothering Henry. She did not see the deed thereafter. Plaintiff has only a third-grade education. On October 20, 1961, plaintiff asked Bessie for $25.00 to pay some bills. At first Bessie refused to give her the money and said, "You ain't nothing; and never been nothing; and nothing you ever done is nothing." Later she gave plaintiff the money, but said it would be the last thing she would ever get off the farm, and it was. It was on the day Bessie "blew her out" that plaintiff discovered the agreement to support her had been left out of the deed. When she asked Henry about it, he "cussed her out"; and, if she said anything to him about the property, he would say that he was the "boss over it."

Defendants' evidence tended to show that plaintiff went alone to the office of her attorney and told him that, because Bessie had been good to her and her husband, she wanted to give the land to Bessie. At her direction, the attorney prepared a deed of gift from plaintiff to Bessie, in which deed plaintiff reserved a life estate in the property. Plaintiff paid him for preparing the deed, and he had no dealings in that transaction with either of defendants. After the deed had been recorded, plaintiff delivered it to Bessie and later gave her a fireproof lockbox in which to keep it. Prior to the delivery of the deed neither defendant had ever discussed the land with plaintiff, and they knew nothing of her intention to make a deed to Bessie until she delivered the deed to her. Defendants made plaintiff no promises in return for the deed.

Defendants' motions for nonsuit, timely made, were overruled. Without objection or exception, the judge submitted the case to the jury on the following issues:

"1. Did the defendants promise and agree with the plaintiff Lizzie Mills that if she would convey to the defendant Bessie Dunk, subject to her life estate, Lot No. 7 of the Georgana Herring Williams land, they would support and maintain her in accordance with her station in life so long as she might live, as alleged in the complaint?

"2. Was said promise and agreement upon the part of the defendants the true consideration for the conveyance of said land, as alleged in the complaint?

"3. Did the defendants fail and refuse to carry out their agreement, as alleged in the complaint?

"4. Did the plaintiff Lizzie Mills execute said deed, dated June 25, 1957, and recorded in Book U-29, page 58, in the Office of the Register of Deeds, by reason of the aforesaid representation by the defendants and were said representations false and fraudulent and made for the fraudulent purpose of deceiving the plaintiff and to fraudulently obtain from her said deed for Lot No. 7, as alleged in the complaint?"

The court instructed the jury, *inter alia*, that, if they answered the first three issues Yes, they would then consider the fourth issue. With reference to this issue, he told the jury, in effect, that they would answer it Yes if they should find (1) that defendants, in order to induce plaintiff to execute the deed in question, represented to her that, if she would convey the property to them, they would support her as long as she should live; (2) that this promissory representation was false, in that at the time it was made defendants never intended to support plaintiff; (3) that plaintiff was deceived by it; and (4) that, relying upon it, she executed and delivered the deed to Bessie Dunk. Defendants assign no errors in the charge.

The jury answered each of the issues Yes, and the court entered judgment directing the cancellation of the deed. Defendants appeal.

*Albion Dunn for plaintiff.*
*Fred W. Harrison and H. E. Beech for defendants.*

SHARP, J. Defendants' assignments of error, properly made, present one question only, the sufficiency of the evidence to withstand their motions for judgment as of nonsuit. In this Court, however, they demur

*ore tenus* to the complaint on the ground that it contains no allegation that at the time defendants made their promise to support plaintiff for life, and thereby secured from her a deed to the property described in the complaint, they did not intend to perform the agreement.

If we construe the complaint liberally in plaintiff's favor, it sufficiently alleges fraud in the treaty, *i.e.*, that, in order to secure her signature on the deed in question, defendants knowingly and intentionally represented to her that it contained their agreement to support her when, in fact, it did not; that plaintiff, who could not read, relied upon defendants' fraudulent misrepresentation that the deed had been drawn in accordance with their agreement, and executed the deed when, but for the fraudulent misrepresentation, she would not have done so.

Although a deed in proper form will convey the land described therein without any consideration, except as against creditors or innocent purchasers for value, *Smith v. Smith*, 249 N.C. 669, 676, 107 S.E. 2d 530, 535, its consideration is a most material part of the transaction, unless the deed is actually a deed of gift. If a grantee who has secured a conveyance in consideration of his promise to support the grantor, falsely and fraudulently represents that the deed contains the agreement when it does not, from the grantor's point of view the misrepresentation relates to the most material part of the transaction. In such a case, for rescission the grantor relies on the fraud and not merely on the failure of consideration. North Carolina is aligned with a minority of jurisdictions holding that, if there is no fraud or mistake and unless performance is made a condition precedent or subsequent, failure of consideration alone does not authorize cancellation of a deed made in consideration of an agreement to support. *Murray v. King*, 42 N.C. 19, followed in *Minor v. Minor*, 232 N.C. 669, 62 S.E. 2d 60, and in *Cherry v. Walker*, 232 N.C. 725, 62 S.E. 2d 329; Annot., Remedy of rescission for grantee's breach of agreement to support grantor, 112 A.L.R. 670; 50 Am. Jur., *Support of Persons* § 28 (1944). See McCall, *Estates on Condition and on Special Limitation in North Carolina*, 19 N.C.L. Rev. 334, 358-360.

Notwithstanding, an agreement to support and maintain a grantor during his remaining lifetime creates a peculiarly personal relationship and obligation. It calls for services and supervision over a long time, and mutual trust and respect are essential for satisfactory performance, on the one side, and acceptance, on the other. The grantor who discovers that the person to whom he has conveyed his land in consideration of such an agreement has secured the deed by false representations clearly indicating his bad faith, should not be relegated to successive actions for damages, even though in such actions the true consideration may be shown by parol. Such a remedy is as unrealistic as it is unjust.

The principle of law applicable to such a situation is quoted with reference to a release in *Cowart v. Honeycutt,* 257 N.C. 136, 142, 125 S.E. 2d 382, 386:

> " 'If a misrepresentation amounting to fraud is made as to any matter embraced in the release the instrument is vitiated as a whole, and not merely as to the matter to which the misrepresentation relates; every portion and clause of a release voidable for fraud in its inception is unenforceable and not binding.' 76 C.J.S., Release, p. 651."

A misrepresentation such as plaintiff has here alleged would taint the entire transaction with fraud entitling plaintiff to rescind her deed without any specific allegation that defendants did not intend to comply with their promise at the time they made it. Compare *Gadsden v. Johnson,* 261 N.C. 743, 136 S.E. 2d 74, wherein the complaint was demurrable for failure to allege *any* fraud. Actually, however, from the allegations that defendants fraudulently omitted the agreement from the deed and thereafter failed to support plaintiff, an inference arises that defendants never intended to fulfill their promise to support her. The complaint states a cause of action for rescission for fraud, and the demurrer *ore tenus* is overruled.

Plaintiff's evidence was sufficient to establish the case she has alleged. Defendants' motions for nonsuit were, therefore, properly overruled.

Had this case been submitted to the jury on the theory alleged, *i.e.,* fraud in the treaty, this appeal would present no problem. The difficulty comes about because the judge submitted the case to the jury on the theory of a promissory misrepresentation which, although implicit both in the allegations of the complaint and in plaintiff's evidence, is not specifically alleged. In so doing, however, the judge did not change the nature of the action; he merely substituted another brand of fraud. Upon the trial, had defendants wished to object to this deviation from the strict letter of the pleadings, they should have excepted to the issues and tendered those which they considered more appropriate. Upon appeal they should have excepted to the charge as it relates to the fourth issue and made assignments of error, in the manner prescribed by the rules of this Court, based on each of these exceptions. This they did not do. The record contains no exceptions and no assignments of error presenting for review the protest they now make, *i.e.,* that the case was not submitted to the jury upon the facet of fraud alleged in the complaint. A litigant, however, may not acquiesce in the trial of his case in the Superior Court upon one theory and here complain that it should have been tried upon another. *In re Drainage,* 257 N.C. 337, 125 S.E. 2d 908; *Edgerton v. Perkins,* 200 N.C. 650, 158 S.E. 197.

Perhaps it is not amiss to say that on this same evidence it is not improbable that the final judgment would have been the same had the judge submitted the case to the jury as defendants now contend he should have done. Jurors — no less than courts — "will guard with jealous care the rights of the aged and infirm who have conveyed their land in the belief that they were making provision for support and maintenance in their declining years." Denny, J. (now C.J.) in *Higgins v. Higgins*, 223 N.C. 453, 456, 27 S.E. 2d 128, 130.

No error.